REID and others <em>against</em> GIFFORD.

Where the plaintiff had been in possession of a mill and water-works, on the outlet of a lake, for above *twenty* years ; and the defendant, *five* years ago, dug a *tunnel*, by which he drew off the water from the lake to his own mill, erected below, and thereby deprived the plaintiff of water sufficient for the use of his mill : *Held*, that an injunction, to restrain the defendant from diverting the water of the lake, would not be granted, until the right of the plaintiff was first established at law.

THE bill stated, that the plaintiffs, for the last twenty years, had been in possession of certain mill-seats and privileges for machinery and water-works, upon the outlet of lake *B.*, and the outlet of another lake, erected in the towns of *Greenwich* and *Argyle*, in the county of *Washington*, and during all that time have had several mills thereon.

*1822.*

REID
v.
GIFFORD.

*Jan. 12th.*

That the defendant, in 1816, and before the first day or *August*, 1817, had caused a tunnel, or subterraneous passage, to be made to the lake, and caused the water to run through that passage, and so diminished the quantity of water in the lake, below its natural level, as not to suffer it to supply the mills on the outlet as heretofore. The plaintiffs charged, that the defendant has erected a saw-mill below the tunnel, which is supplied with water from the lake through it, and that such saw-mill was used last year. *Prayer*, for an injunction to restrain the defendant from diverting the water of the lake in the manner stated.

*Crary*, in support of the motion for the injunction.

THE CHANCELLOR denied the motion, on the ground, that the tunnel had been made, and the water diverted, upwards of three years ago, and the right ought first to be settled at law. The case of *Weller* v. *Smeaton*, (1 *Cox's Cases*, 102.) he said, contained a rule applicable to the case.

*Motion denied.*