**1822.**

THE CORPO-
RATION OF
NEW-YORK
v.
MAPES.

The Corporation of the City of NEW-YORK *against* MAPES
and SCHERMERHORN.

This Court does not interfere by injunction, unless the party applying
for the remedy has a vested right, legal or equitable, which may
be greatly, if not irreparably affected by the acts sought to be re-
strained.

Where no commissioners of estimate and assessment have been ap-
pointed under the act relative to opening, altering, &c. the streets in
the city of *New-York*, (sess. 36. ch. 86. s. 178.   2 *N. R. L.* 342.
408.) no rights become vested, either in the corporation of the city,
or in the owners of property affected by the proposed improvements,
in consequence of the proceedings under the act, so as to prevent
the corporation, on the one hand, from abandoning their proposed
plan of improvement, or the owners of the property so affected, on
the other, from using and improving it, in any manner they may
think fit ; an injunction will not, therefore, be granted, at the in-
stance of the corporation, to restrain the individuals owning pro-
perty to be affected by the proposed improvement, from erecting
buildings on their land, or using it at their discretion.

And, *it seems*, that the corporation, after proceedings have com-
menced to carry into effect the plan of improvement, may, at any
time before the commissioners of estimate and assessment have re-
ported, and their report has been confirmed by the Supreme Court,
pursuant to the act, abandon the plan, and discontinue the proceed-
ings altogether.

*March 15th.*    BILL for an injunction, stating, that the plaintiffs deem-
ing it proper to open *Beekman-street*, in the city of *New-
York*, from *Pearl-street* to *South-street*, by taking the
lands, and removing the buildings therein particularly
described, did, in *May* term, 1816, apply to the Su-
preme Court for commissioners, in pursuance of the pro-
visions of the statute, entitled, " an act to reduce several
laws, relating particularly to the city of *New-York*, into
one act," and the Court appointed three commissioners of
estimate and assessment to do the duties in such case pre-

scribed. That the commissioners assumed the trust, and proceeded to execute it, and in *January* term, 1819, made a report, which was referred to three other commissioners to reconsider the subject, who have never reported. That in *January* term of the Supreme Court, in 1821, the plaintiffs were, under the statute, invested with the title to a block of ground, and dock, on which they have since erected *Fulton Market.* That the title to the ground and dock, and the erection of the market, cost the plaintiffs upwards of 190,000 dollars. That the plaintiffs have repeatedly been requested to alter the line of *Beekman-street*, and make it less crooked. That *Beekman-street*, as contemplated to be improved, would not be broad enough at the easterly end of the said market, or as public accommodation would require, it being but 62 feet in front of the easterly end of the market. That a memorial of persons owning property on *Beekman-street*, in favour of altering the line of that street, was presented to the plaintiffs, and referred to a committee, who heard all the parties concerned, and reported, on the 27th of *November* last, against the plan before reported ; and they adopted, as best, a middle line, which would give a street of 87 feet along the east front of the market. That the common council deemed this new plan as judicious, and the best, and adopted it. That the plaintiffs, accordingly, petitioned the Supreme Court, the last *January* term, to discontinue the proceedings under the old plan, and for the appointment of commissioners of assessment and estimate under the new plan. That the motion was opposed by persons hostile to the new plan, and *especially by the two defendants*, who are proprietors of ground required to be taken upon the new plan. That an estimate was presented in opposition to the plaintiffs, making the expense 50,550 dollars greater on the new plan, and the defendant, *M.*, made an affidavit, stating, that after the appointment of commissioners on the first plan, he made a purchase of a moiety of a lot on the

north side of the street, so to be laid out, being 25 feet
wide, and 150 feet long on the street, (fronting the north
end of the new market.) That he made the purchase in
consequence of the extension of the street, and the erec-
tion of the market, which the plaintiffs had then determined
to make on the old plan, and had taken measures of
public notoriety to execute it, and he did it on the faith of
that plan. That the new plan proposed would take away
the whole of his lot and throw it into street. That the
former plan is far preferable, and less expensive. The
plaintiffs aver, that the estimate of the additional expense
of the new plan is incorrect. That the defendant, *M.*, was
a member of the common council when the first plan was
proposed, and contracted for the purchase of his lot in an-
ticipation of the improvements, and advocated them. That
the counsel for the plaintiffs moved, that the application
be postponed to the *May* term, as they were taken by sur-
prise, by the affidavit of defendant, *M.*, and believed that
they could show, that all the injury to defendant, *M.*, would
be to defeat his speculation. That a rule of Court was
accordingly entered *on January* 26th, 1822, postponing
the application to *May* term next, *without prejudice to the
rights of any party*, and that the plaintiffs be then at liberty
to renew their application, and that either party may pro-
duce proofs, and that the commissioners of assessment
stay the filing of their report. That since that rule,
the defendants, knowing the same, have contracted for the
erection of a row of buildings on their lot, to be com-
pleted by the first of *May* next, and have employ-
ed a great number of workmen, who are now actually en-
gaged in preparing the ground and materials. That the
defendants are so erecting such buildings, with a view
of defeating the new plan of enlarging and extending
*Beekman-street*, by adding the value of the buildings to the
expense to be incurred by plaintiffs, if they should persevere.
*Prayer*, for an injunction to restrain the defendants from

erecting the buildings, until the application to the Supreme Court shall have been decided upon, &c.

*March* 15*th.*    *O. Edwards,* for the plaintiffs, moved for an injunction according to the prayer of the bill.

*S. Jones,* contra.

THE CHANCELLOR.    No vested rights have been acquired in consequence of the report of a committee of the common council, on the 27th of *November* last, in favour of a new line to be adopted on opening *Beekman-street* to the *East* river. All that has been done under that report, is the confirmation of it by the common council, and an application to the Supreme Court for leave to discontinue proceedings under the former plan, adopted in 1816, for opening *Beekman-street,* and for the appointment of commissioners of estimate and assessment, under the new arrangement. No commissioners have as yet been appointed ; and, according to the decision of the Supreme Court, in the case of *The Corporation of New-York* v. *Dover-street,* (18 *Johns. Rep.* 506.) until the appointment of commissioners, no rights are so vested as to deprive the corporation of the power of refusing to go on ; and on application by them for leave to discontinue proceedings, it would, of course, be granted, and it was granted in that case. Perhaps, the better opinion is, that the corporation are not bound to go on, but may recede, and abandon their plan, at any time before the commissioners of assessment shall have reported, and their report shall have been confirmed, in pursuance of the 178th section of the act referred to in the bill. (*Laws of N. Y.* vol. 2. p. 342.) On the confirmation of the report of the commissioners, rights then become acquired and vested in the parties respectively. The corporation become seised, and may take possession of the land, and the individual owners become

1822.

THE CORPO-
RATION OF
NEW-YORK
v.
MAPES.

entitled to the damages assessed. (*Laws of N. Y.* vol. 2. p. 414. 418.) It is sufficient, however, for the consideration of the present motion, that commissioners have not been appointed in this case, and that no rights are vested on either side. The owners of property affected by the plan proposed, cannot compel the corporation to go on, and carry the plan into execution. The corporation may abandon it, at their discretion; and the question then arises, whether the rights of the parties be not reciprocal, and whether the corporation can, or ought to have a power, in the mean time, to control the individuals who may be affected by their meditated arrangements, from the use and improvement, in their discretion, also, of their own property.

I have not been able to discover any principle that will authorize the interposition of this Court, by order or injunction, to stay the improvements which it is alleged the defendants are making upon their own ground. If the corporation should persevere in their new plan, and commissioners should be appointed by the Supreme Court, (and we cannot now know that either event will happen,) and damages should be assessed, the plaintiffs may, perhaps, have to pay for the value of the buildings now erecting by the defendants. This is all the inconvenience or loss that the plaintiffs can sustain, and would it not be *damnum absque injuria?* It is a loss which the Court cannot prevent, without a dangerous and unprecedented interference with the enjoyment of private right. Suppose the injunction should be granted, and at the next term of the Supreme Court, the plaintiffs should elect to withdraw their application for the appointment of commissioners, or the Court should deny their motion, the defendants would have sustained a loss by the interruption of their business, and suspension of their improvements, for which no compensation could be afforded.

The great defect of the bill is, that the plaintiffs do not

allege, or show any *vested right*, legal or equitable, to the ground owned by the defendants; and I do not know the case where this remedy has been afforded without the allegation of some such right, which might be greatly, if not irreparably affected, by the acts sought to be restrained. As the case stands, the plaintiffs have shown no right or title, or raised any equity which can be a ground for an injunction, or by which I am authorized to control the defendants in the usual and ordinary enjoyment and improvement of property, to which, it is assumed, they have an absolute title.