## WEBBER *v.* GAGE.

It is not essential that the complainant's title to the subject matter of a bill in equity should be directly and explicitly averred; it is sufficient, if it may be fairly inferred from the facts stated.

Where the injury is irreparable, not susceptible of being adequately compensated in damages, or such as from its continuance or permanent mischief must occasion a constantly recurring grievance which cannot be otherwise prevented, as where loss of health, loss of trade or business, destruction of the means of subsistence, or permanent ruin to property, may or will ensue from the wrongful acts; or where an easement or servitude is annexed by grant, covenant or otherwise, to a private estate, a court of equity will interfere by injunction in furtherance of justice and the violated rights of the party, or to protect the due and quiet enjoyment of the easement against encroachments.

IN EQUITY. The bill alleged that at its date the complainant was, and for more than forty years last past had

been, seized in his demesne as of fee, of about an acre and a half of land, in Hopkinton, with a saw-mill thereon, situate upon Ordway's brook, so called, surrounded on all sides by land of the defendant, Gage, in the occupation of the other defendant, Dodge, and of a certain way for himself, his heirs and assigns, and their tenants, occupiers of said acre and a half of land and saw-mill, for the time being, and their servants, and all persons having occasion to use said acre and a half of land and mill, or to draw logs, timber or lumber of any kind to and from said mill, through the land and farm of said Gage, from said mill eastwardly, and across said Ordway's brook, about forty rods eastwardly from said mill, and thence onward to the north Beech hill road, so called, to pass and repass in said way, on foot and with horses, cattle and carriages, every year, and at all times in the year, for the convenient use and occupation of said acre and a half of land and saw-mill : that in said way, and as part thereof, was a bridge across said Ordway's brook, constructed and used for the purpose of passing thereon in said way, to and from said land and mill: that the complainant and his servants had always, for more than forty years, used said way, including the bridge, and said acre and a half of land and mill, and the complainant had received great profit and income therefrom : that on the first day of June, 1858, and on divers other days and times in the summer and fall of 1858, the defendants plowed up and obstructed said way, took up and carried away said bridge, and the plank and timber thereof, and prevented the complainant, his servants, and other persons having lawful occasion to use said way, from so doing, forbade the complainant, and other persons having lawful occasion to draw lumber to and from said mill, from so doing, and threatened and proclaimed that neither the complainant nor any other person should pass or repass in said way without a license from them, or one of them : that without the use of said

way, for the purpose of passing to and from said mill, and drawing lumber to and from the same, said mill will be entirely useless and worthless, and that unless the defendants are restrained from obstructing said way, and destroying said bridge, and preventing the complainant and others from using the same, the complainant will suffer irreparable injury and damage, and lose entirely the use of said land and mill.

The bill then prayed for discovery, that the defendants might be compelled to return and replace the planks and timber of said bridge, and put said bridge in the same repair it was in when removed by them; that an account might be taken, and the defendants decreed to make to the complainant full compensation for the injuries done him, be restrained from hereafter obstructing, plowing up or injuring in any way said way and bridge, and from hindering or preventing the complainant, and others having occasion to go to and from said mill, in said way, from using the same as they lawfully may for those purposes; and for general relief.

The defendants jointly demurred specially, for the reason that the complainant had not, by his said bill, made such a case as entitled him, in a court of equity, to any discovery from the defendants respectively, or either of them, or any relief against them, as to matters contained in said bill, or any of such matters; and that any discovery which could be made by the defendants, or either of them, touching the matters complained of in said bill, or any of them, could not be of any avail to the complainant for any of the purposes for which a discovery was sought against the defendants, nor entitle the complainant to any relief touching any of the matters complained of in said bill. The plaintiff joined in the demurrer.

*George & Foster*, for the defendants.

*Flint & Bryant*, for the plaintiff.

Webber *v.* Gage.

FOWLER, J.   The first position assumed by the defendants' counsel in support of the demurrer is, that the complainant has made no case for the interference of the court, because he has stated no title in himself to the way whose obstruction and destruction are complained of.   It seems to us that this position is untenable.   The complainant alleges that he now is, and for more than forty years last past has been, seized in his demesne as of fee, of an acre and a half of land, in Hopkinton, with a saw-mill thereon, and of a certain way over and across the land of the defendants, for himself, his heirs and assigns, and their tenants, occupiers of said land and saw-mill for the time being, and their servants, and all persons having occasion to use said land, or draw lumber to or from said mill, to pass and repass, on foot and with their horses, cattle and carriages, to and from said mill, every year and at all times of the year, for the convenient use and occupation of said land and mill.

If this be not an allegation, in substance, that the complainant has for more than forty years owned, occupied and enjoyed the way described as appurtenant to his land and mill; or if this be not the fair, natural and necessary inference from the statements made, it is difficult to conceive what language could be employed to express a claim of that character.   It seems to us clearly sufficient. It is not material for the purposes of the demurrer how the complainant acquired his title, whether by gift, grant, user, adverse possession or from necessity.   He manifestly claims to possess it, and that is enough.

It is not essential that the title of the complainant to the subject matter of the bill should be directly and explicitly averred ; it is sufficient, if facts are stated from which the court may infer a title.   Story's Eq. Pl., sec. 730, and authorities.

The second and third objections insisted upon in support of the demurrer are, that the right of the complain-

ant to the way, as appurtenant to his mill, has not been established in a suit at law, and that the injury complained of, and which it is sought to prevent, is not irreparable.

The case of *Coe* v. *The Winnepiseogee Lake Company,* 37 N. H. 254, is cited and relied upon to sustain these positions, but we think without good cause. The facts in that case were almost precisely the reverse of those in the present. There the complainant sought the interposition of the court to prevent the defendants from flowing his land, as they had done for several years and claimed the right to continue to do. Here the defendants interfere by force to obstruct and destroy a way which is conceded by the pleadings to have been used and enjoyed by the complainant for more than forty successive years, and to be indispensable to the profitable use and continued existence of his mill. Had the defendants sought to restrain the complainant from the continued use of this way, there would have been some resemblance between this case and that of *Coe* v. *The Lake Company.* As it is, we can see none.

It is undoubtedly the correct rule, deducible from the authorities, that a court of equity will not interfere by injunction in the case of nuisances, trespasses and the like injuries to property, when the parties can settle their rights fully and obtain complete redress in a court of law, unless it shall appear that irreparable mischief will be done by withholding the process, or the rights of the complainant have been established in a suit at law. But where the injury is irreparable, not susceptible of being adequately compensated by damages, or such as, from its continuance or permanent mischief, must occasion a constantly recurring grievance, which cannot be otherwise prevented; as where loss of health, loss of trade or business, destruction of the means of subsistence, or permanent ruin to property may or will ensue from the wrong-

.ful acts; in every such case a court of equity will interfere by injunction in furtherance of justice and the violated rights of the party. So, where an easement or servitude is annexed by grant, or covenant, or otherwise, to a private estate, the due and quiet enjoyment of it will be protected against encroachment, by injunction. *Fishmongers' Company* v. *East India Company*, 1 Dick. 163; *Attorney-General* v. *Nichol*, 16 Vesey 342; *Corporation of New-York* v. *Maher*, 6 Johns. Ch. 46; *Mohawk & Hudson R. R.* v. *Artcher*, 6 Paige 83; *Wynstanley* v. *Lee*, 2 Swanston 335; *Cherrington* v. *Abney*, 2 Vern. 646; *Earl Bathurst* v. *Burden*, 2 Bro. Ch. 64; *Nutbrown* v. *Thornton*, 10 Vesey 163; *Hills* v. *Miller*, 3 Paige 254; *Corning* v. *Lawrence*, 6 Johns. Ch. 439; *Trustees of Watertown* v. *Cowen*, 4 Paige 510, 514; 2 Story's Eq. Jur., secs. 925, 926, 927; *Horson* v. *Gardner*, 7 Vesey 305, and notes; *Mitchell* v. *Dow*, 6 Vesey 147; *Kidder* v. *Jones*, 17 Vesey 28; *Lake Company* v. *Worster*, 29 N. H. 433; 6 Johns. Ch. 19; 3 Paige 377.

The present case seems to us very clearly to come within most or all of these various classes. By the demurrer, all the material allegations of the bill are admitted, to wit., that the complainant for more than forty years has owned and occupied a saw-mill and lot, with a way appurtenant thereto, and indispensable to their enjoyment, over and across the land of the defendants, and that the defendants have obstructed and destroyed that way by plowing it up and removing the bridge across Ordway's brook constituting a part thereof, thereby rendering said mill and lot entirely useless for the purposes to which they have been for more than forty years devoted. Here is a clear admission of an absolute injury committed by the defendants to the complainant and his rights, which is threatened to be continued; not susceptible of compensation in damages; the continuance of which must occasion a constantly recurring grievance, causing loss of business and trade, destruction of the means of subsistence, and

permanent ruin of property, as well as an interruption of the quiet and long continued enjoyment of an easement annexed to the complainant's private estate. There can be no doubt that the complainant is entitled to continue to hold and enjoy his mill and lot, and use the way connected with it, as he has done for more than forty years, peaceably and quietly, without the constantly recurring grievance to which the defendants have subjected him. He has a right to devote his time and services, his skill and industry, to the management of his mill, thereby obtaining employment and the means of subsistence, it may be; and no compensation in damages, to be recovered by a suit at law, can adequately compensate him for the injury sustained. That of which he has been deprived by these defendants might well possess a value to the complainant over and above all pecuniary benefit to be derived from it; at all events, it is his own, and he is entitled to be protected in its enjoyment against the wrongful acts of these defendants. They are not at liberty to say to him, We have ruined your mill, by destroying the way appurtenant to it, and shall continue the injury, in defiance of your rights, and your only redress is to recover, from time to time, such damages as you may be able to obtain through the judgment of a court of law, rendered upon the verdict of a jury. It would be a deep and lasting reproach to the administration of justice if it were so.

Entertaining these views of the various positions taken in its support, the demurrer must be overruled.

*Demurrer overruled.*