Ashburn, J.
It would be almost impossible to enumerate the cases in which courts of equity, in this and other countries, have interfered or refused to interfere in cases of al *275 ’leged nuisance, public and private. It will suffice to say, the result of all these cases seems to be, that when the right is clearly made out, and the nuisance established, a court of equity, in case of private nuisance, will interfere to prevent that which violates the rights of another in his property in an essential degree.
In this state, however, we understand the rule to be, that a court of equity will only interfere to restrain an alleged nuisance, when the mischief to the plaintiff’s property, or rights in his property, are irreparable, and there is no adequate remedy at law to make reparation. Although the restraint of an established nuisance “ is an admitted ground •of equity jurisdiction,” that branch of the law “will carefully abstain from interference where the injury will support an action at law, unless the pai’ty seeking such aid brings himself within the clearest principles of equitable relief.” McCord v. Iker, 12 Ohio, 388. To the end that right may be done and injury prevented, coui’ts having jurisdiction in equity will determine each case, as it arises, upon its own facts and circumstances. When, from the .nature of the case, and the right claimed to be infringed, no adequate remedy can be had in the courts of law, equity will entertain the action, where, the thing sought to be prohibited is not a nuisance per se, but may, under some circumstances, prove so, the court will not interfere without a previous trial at law. 1 Grant’s Cases, 412; 19 Eng; L. & E. 639.
We think the plaintiff below, upon the showing madq in his petition, and by his proofs, has an adequate remedy at law. There is no complaint that the alleged nuisance, in any degree, interferes with his health or that of his •family; that it works a personal inconvenience or discomfort. He complains, in his petition, that by reason of the ■offensive noise, together'with the vibration and shaking of his buildings by the alleged nuisance, his rents were reduced ; that the steam power, with the gearing and machinery attached, by jarring and shaking his buildings, has; caused the walls thereof to crack; that the vibration and *276 jarring of the eastern building alarmed the tenants and' caused them to leave, so that that building can not be-rented for the same sum of money as the adjoining buildings, though of the same size and finish.
Plaintiff’s right to invoke the interference of equity is; not clear on the face of his petition. Injury to his building, of the nature alleged, and loss of rents, could be compensated in damages by a jury. He alleges no injury arising from the offensive noises made by the defendant’s-machinery save as it .affects the rental value of his property. Where an assessment of damages will compensate for the loss suffered from a nuisance, equity will not interfere; and, as a general rule, that mischief or damage-which is susceptible of compensation in damages is not irreparable.
We have carefully considered the evidence in the case, and when applied to the pleadings and issues we have no doubt' but that the injury sustained by the plaintiffs, by reason-of-the alleged nuisance, could be compensated in an action for damages. Where a party has a plain and adequate remedy at law, and his right, as in this case, does not appear perfectly clear for equitable jurisdiction, the party will be required to first establish his right at law. Richard’s Appeal, 57 Penn. St. 105.
There is another ground upon which, the party should be required to establish his right at law before resorting to-equity. Plaintiff admits the business carried on by defendant, of which he complains is not a nuisance per se. Plaintiff stood by and saw defendant erect his business-house, place his steam power and other machinery therein,, knowing the use to which it was to be applied, and for seven or more years, without objection, saw the business carried on during the same hours and to the same degree. This delay and apparent acquiescence will not, perhaps,, jeopardize his legal rights, but are circumstances justifying the chancellor in sending plaintiff to a court of law, to-establish his right and seek compensation, before equity *277 will interfere by injunction. Weller v. Smeaton, Cox’s Cases in Eq. 102 ; Reed et al. v. Gifford, 6 Johns. Ch. 19.
A court of chancery may interfere by injunction when the injury is conceded or is clearly established, yet the ■power should always be exercised cautiously and be sparingly used. Where the business complained of is lawful, and conducted in the most approved and orderly manner, in a place where there are in operation numerous establishments of kindred description, contributing to the needs of the community, and where the destruction of a business would occasion more injury to the defendant than advantage to the plaintiff, the chancellor will exercise the high prerogative of injunction with great care and caution.
In this case the decree of the court is distinctively se■vere on defendant. In the light of the testimony it amounts to prohibition. It orders that defendant “ is hereby prohibited from permitting said business to be conducted so as to cause or occasion any perceptible trembling, oscillation, or vibration of the plaintiff’s said buildings.” This is to b,e done in sixty days. If the testimony can be credited, this decree would operate to the total destruction of defendant’s business, working apparently a far greater injury to him than advantage to plaintiff. This, too, when plaintiff for the alleged injury has an ample remedy at law. The principle, if such exists, that will support this decree to the full extent would cause every heavy laden wagon passing ■over Genesee street to do so at the peril of an injunction. The case of Gilbert v. Showerman, 23 Mich. 448, is in principle similar to this. Applying substantially a remark of Cooley, J., in that case to this, we can not shut our eyes to the obvious truth that if the running of defendant’s engine and machinery, in the manner it appears to have been carried on, can be enjoined, almost any manufactory in any of our towns and cities may be enjoined upon similar reasons.
We think the testimony admitted over the objection of ■defendant below was incompetent. As a question of law, its importance does not require further consideration.

Judgment reversed.