## 534 MATTER OF WELLS AVENUE SEWER.

IN THE MATTER OF TAKING AN EASEMENT IN LAND REQUIRED FOR THE WELLS AVENUE SEWER, IN THE CITY OF YONKERS.

*Procedings instituted by a city, to acquire an easement in private property to construct a sewer, may be discontinued by it without payment of any costs.*

In proceedings, instituted by the common council of the city of Yonkers to acquire an easement in the lands of Mr. Lawrence to construct a sewer, commissioners were appointed to appraise the damage, before whom hearings were had and witnesses were examined. The commissioners having awarded to him the sum of $7,950 as his damages, the common council, finding that by a new line a large part of the damages could be avoided, made an application for leave to discon tinue, without costs, which was opposed by Mr. Lawrence, who had expended the sum of $806.24 for counsel and witness' fees, but was granted by the order appealed from.

*Held,* that the order should be affirmed.

That the proceeding was a special proceeding within section 3240 of the Code of Civil Procedure, and that the justice had exercised the discretion conferred upon him thereby.

APPEAL from an order, made at the Dutchess County Special Term and entered in Westchester county, discontinuing these proceedings, instituted to acquire an easement in lands, owned by William F. Lawrence, for the purpose of constructing a sewer through them.

*Ralph E. Prime,* for W. F. Lawrence, land owner, appellant.

*Joseph F. Daly,* for the City of Yonkers, respondent.

PRATT, J.,

The charter of the City of Yonkers authorizes proceedings to condemn an easement for constructing a sewer, where there is no desire to take the land for street purposes. Such proceedings under the charter originate with the board of water commissioners, who recommend to the common council and the common council allow the improvement, cause the application to be made to the court and the proceedings to condemn the land to be had. The water commissioners recommended that the common council take the easement in question through the land of Mr. Lawrence. The common council then took up the proceeding and allowed it to be made and obtained

an order appointing commissioners to condemn the right and appraise the damages, the damage being the practical destruction of the wharf of Mr. Lawrence. The commissioners, after a trial in which many witnesses were examined, awarded to Mr. Lawrence $7,950.00. On the proceedings Mr. Lawrence had his attorney and counsel, and paid and laid out and expended for counsel, for witness fees and for other expenses $306.24. Finding that by a new line a large part of the damage could be avoided, the board of water commissioners recommended to the common council the discontinuance of the proceedings, and the common council concurred and ordered application to be made to the Supreme Court for leave to discontinue. Application was made and Mr. Lawrence opposed the unconditioned discontinuance on the ground that he had been put to the large expense of $306.24 in defending his property against these proceedings, and that he should be made whole if the proceedings were discontinued, and an order was entered allowing the discontinuance, without costs. There seems to be no question made but that so far as the order authorized the discontinuance of the proceedings it was proper, the contention is that it should have been made upon the condition that the costs were to be paid by the city.

It is well settled that public officers upon whom the right of eminent domain has been conferred by the legislature for public purposes exclusively, have the right to discontinue proceedings instituted by them to acquire title to lands at any time before title is acquired and the rights resulting therefrom have become vested. (*Corp. of New York* v. *Mapes*, 6 Johns. Ch. 46 : *In re Common Council of Brooklyn*, 5 *Hun*, 175.) We think that by making application to the court for leave to discontinue the proceedings, the common council of Yonkers conceded to the court the power to determine the terms upon which it should be granted. (*In Matter of Washington Park*, 56 N. Y., 144.) It lay with the common council to determine whether it would discontinue that proceeding and take a new proceeding to condemn other lands or whether it should apply to the court for a discontinuance of these proceedings; having taken the latter course, we think it was discretionary with the court to fix the terms upon which the proceeding should be discontinued. It was a special proceeding under section 3240 of the Code of Civil Procedure and whether to give or to withhold costs, rested in the

discretion of the judge making the order. We think the judge exercised his discretion.

The order should be affirmed.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Order affirmed, without costs.