IN THE MATTER of the Petition of the *Mayor, Aldermen,* and *Commonalty* of the city of *New-York,* for enlarging, extending, and improving BEEKMAN-STREET, in said city.

*EDWARDS,* in behalf of the Corporation of *New-York,* at a former term, presented a petition, stating, that the Corporation, being desirous of extending, enlarging, and improving *Beekman-street,* in said city, did, in the term of *May,* 1816, present their petition to the Court, for the appointment of commissioners of estimate and assessment, for that purpose, pursuant to the " act to reduce several laws, relating particularly to the city of *New-York,* into one act," passed *April* 9, 1813 ; (sess. 36. ch. 86. sec. 177, 178. 2 *N. R. L.* 408.) and this Court, accordingly, appointed three commissioners, who took the oath required by the act, and who made a report, pursuant to the act, in *January* term, 1819 ; and the Court, after hearing the matters alleged against the report, refused to confirm it, and referred the matter to three new commissioners, appointed by the Court ; and that these new commissioners had not yet made their report.

That since *January* term, 1820, the Corporation had acquired title to a square of ground between *Front-street*

The powers of this Court, under the " act to reduce several laws, relating particularly to the city of *New York,* into one act," passed *April* 9, 1813, (sess. 36. ch. 86. 2 *N. R,* *L.* 342—408.) are strictly confined to the authority delegated by the act ; and do not come within the general powers and jurisdiction of the Court ; and, in the exercise of the powers so given by that statute, the Judges act, collectively, as commissioners, rather than as a Court.

Where, on petition of the Corporation of *New-York,* commissioners of estimate and assessment were appointed by the Court, in *May,* 1816, pursuant to the act, who made a report, in *January* term, 1819, which was rejected, and new commissioners of estimate, &c. appointed, who took the oath prescribed, and who were nearly ready to report, when the Corporation petitioned for leave to discontinue the proceedings, and to withdraw their first petition, and for the appointment of other commissioners of estimate and assessment, for extending and widening the same street, on a different plan from that contained in their first petition, the application for leave to discontinue, &c. was refused.

and *South-street,* and between *Fulton-street* and *Crane-wharf,* on which they had erected, at very great expense, an extensive public market; that it would add very materially to the accommodation of that market, to have a broad street laid out on the northerly side of it; that the extension of *Beekman-street,* in the manner contemplated in their first petition, had given much dissatisfaction to owners of property fronting on that street; as the street, by that plan, would be made crooked, and a great part of it would be shut out from a prospect of the water; that the petitioners had now fixed on a line for the opening and extending of that street, which would, in a great measure, obviate this objection, and, at the same time, add very materially to the accommodation of the new market, &c.

The petitioners, therefore, prayed, that the proceedings under their former petition should cease and be discontinued, and that they might withdraw it from the files of the Court, and that the rules entered thereon be vacated; and, further, that the Court would appoint three new commissioners of estimate and assessment, in order to carry into effect the plan proposed, in their present petition, for extending, enlarging, and improving the said street.

The petition was supported by *Edwards* and *D. B. Ogden,* for the Corporation; and opposed by *S. Jones,* jr., *W. W. Van Ness,* and *Tillotson,* in behalf of different owners of property fronting on the street, or whose interest would be affected by the plan of improvement stated in the petition.

SPENCER, Ch. J. delivered the opinion of the Court.

Application is now made by the Corporation of *New-York,* to discontinue the proceedings heretofore had, to withdraw the former petition from the files of the Court, and for a rule to be entered for the appointment of new commissioners, to extend *Beekman-street,* in a manner different from that stated in their former application. The reasons urged in the petition are, that the extension of *Beekman-street,* according to the first plan, has given dissatisfaction to the owners of property fronting upon it, as thereby the street

would be made crooked, and the greater part of it would be shut out from a prospect of the water; that the new lines will, in a great measure, obviate this objection, and will materially add to the accommodation of the market; and that the additional expense will be by no means commensurate with the objects to be attained by it.

The present application has been opposed by persons owning land fronting on the street, as first proposed to be laid out, and by others, proprietors of lots in the vicinity, upon two grounds : first, that the Court has no power to order a discontinuance of the proceedings, instituted and going on, under the facts of the case ; and, secondly, admitting that the Court have the power, it ought not to be exercised.

In *May* term, 1816, the Corporation applied to us, by petition, to appoint commissioners of estimate and assessment, under the act " to reduce certain laws relating particularly to the city of *New-York*, into one act." (2 *N. R. L.* 408. sec. 177, 178.) Commissioners were accordingly appointed, who reported in *January* term, 1819. That report was set aside, and new commissioners were finally appointed, who have taken the oath prescribed, and have so far completed their duties, as to be ready, or nearly so, to make their report.

The powers possessed by this Court, in appointing commissioners, in reviewing their report, in referring it back to the same commissioners, or substituting new ones, and in finally confirmating their report, are derived wholly from the statute. None of these powers exist independently of the legislative delegation of authority ; and they are not incident to our judicial duties. It might be a question how far the Legislature can impose such duties on the Judges ; but it does not admit of a doubt, that, if we do consent to act, we act under a limited and circumscribed authority ; and our only power to act being derived from the statute, we possess no powers but such as are expressly given ; and those powers must be exercised in the manner designated by the act. It is true, we act collectively, and in term time, and a majority present control the proceedings ; but we act as commissioners, and in the same way and manner as we used, individually, to do, under the

ALBANY,
August, 1822.

In the matter of
BEEKMAN-
STREET.

insolvent act. The statute is our guide; and we must proceed by the rules, and in the manner, it prescribes. The general powers and jurisdiction of this Court, as regards the application now before us, cannot be brought into exercise. They do not apply to such a subject; and we are of opinion, that we went to the full extent of our power, in the case of *Dover-street*. (18 *Johns. Rep.* 506.) But that case is very distinguishable from the present. We considered the proceedings, in that case, in the same state as if no commissioners had been appointed, and gave leave to discontinue. It will be observed, that the statute gives to the Corporation the exclusive right of applying for the appointment of commissioners; and if they decline making the application, the Court may well consider the proceeding terminated. In the present case, the commissioners have assumed the trust, and have nearly completed it.

Did we possess the power to grant the application, which we think we do not, we are of opinion, that under the circumstances of this case, it ought not to be exercised. The application is for leave to discontinue the former proceedings; and if that be granted, then for the appointment of commissioners of estimate and assignment, upon a new and different plan, varying the former lines and widening the street in front of *Fulton market*, from sixty-two feet, the present width, to eighty-seven feet. The motives for this alteration have been already stated. The great object is the accommodation of *Fulton market*. This market, from its spaciousness and the great expense attending its erection, was undoubtedly intended as the resort of a great proportion of the city. The widening the street is not, therefore, to accommodate merely those residing in that vicinity, but the citizens at large. In this view, it would be unjust to subject the owners of lots in that particular district, to the increased expense of between forty and fifty thousand dollars, for the accommodation of the city generally. It has been said, that the commissioners have a discretion to impose this additional burthen on the owners of lots throughout the city. They have so, but they have the power, also, of imposing it on those in the immediate vicinity; and this has been the usual course. At all events, the burthen must

be thrown on the owners of lots, when the benefits to be derived from the proposed widening of the street, are common to all who resort to the market, whether owners of lots or not. Justice, then, requires, that for a common benefit, the whole city should contribute ; and this can be done in no other way, than by a purchase, from the common funds of the city, of the land required for the improvement.

But there is another and very weighty objection. The plan first proposed by the Corporation, and decided upon as early as in 1816, has been promulgated, and repeatedly sanctioned by them ; and it appears that, upon the faith of the stability of that plan, several persons have made purchases of, lots, which will be materially depreciated in value, if the new plan should be adopted and the old one superseded. We cannot consent, without strong and cogent reasons, which, it appears to us, do not exist, that the plighted faith of the corporation should be violated, to the injury of those, who, confiding in the stability of a plan which had been deliberately adopted and repeatedly sanctioned, have acted in reference to it, in making purchases at enhanced prices, and who must be severe sufferers, if the proceedings be now superseded. We assume no control over the Corporation, upon any subject within their legitimate discretion. They have the primary and exclusive right to decide upon alterations in the streets, as they see fit ; but having decided, and this Court having acted on that decision, by appointing commissioners, who have entered upon their duties, it is not competent to the Corporation to resume the subject, and vacate their act.

We deny the application to supersede the proceedings heretofore instituted, and, as a necessary consequence, the application to appoint new commissioners.

Motion denied.