SETH D. WHITNEY *vs.* CITY OF LYNN.

Essex.    Nov. 9, 1876. — Mar. 17, 1877.    COLT & LORD, JJ., absent.

A street was laid out by order of the city council of a city on September 27, 1871,
but no possession was taken of any portion of the land, over which the street was
laid out, within two years thereafter.  In November, 1873, one, whose land had
been taken for the laying out, petitioned the mayor and board of aldermen for
indemnity, and the petition was referred in December, 1873, by the city council to
the next city government, which took no action upon it.  In June, 1874, he filed
another like petition, which was acted upon in December, 1874, and the indemnity
refused.  In April, 1875, he petitioned for a jury to assess the indemnity. *Held* *that
the petition for a jury was seasonably filed.

A person whose land has been taken for laying out a street and who, under the Gen.
Sts. *c.* 43, § 14, is to be allowed " full indemnity therefor" for the " trouble and ex-
pense " to which he has been put by the proceedings, although no entry is made
upon his land, cannot recover for the disquietude, vexation and annoyance to
which he has been subjected by the proceedings, nor for the uncertainty in which he
has been kept as to whether the street would be laid out ; but he may recover for
his trouble and expense in visiting the city, where his land was situated, in con-
sulting counsel and in conferring with the mayor of the city in reference to the
proceedings.

PETITION, filed in April, 1875, to the Superior Court, for a jury to assess the indemnity for trouble and expense occasioned to the petitioner by the laying out of a street in Lynn over his land, which land was not entered upon or possession thereof taken by the respondent. Trial before *Gardner*, J., who reported the case for the consideration of this court in substance as follows:

The order for the laying out was passed by the city council on September 27, 1871, and on October 31, 1871, a notice was served on the petitioner by order of the mayor and board of aldermen, that the street had been laid out over his land, that $3998.10 as damages had been awarded to him, and that he was allowed sixty days for the removal of any buildings, fences or other erections on the land taken.

On or about November 29, 1873, the petitioner addressed a petition to the mayor and aldermen of Lynn, which was referred by them, with the concurrent vote of the common council, to the joint standing committee of the city council on laying out and altering streets. The committee made no report thereon, nor did the city council take further action thereon, unless it is included in the terms of a general order passed by the city council of that year, in concurrence, at their last meeting, on January 2, 1874, as follows: " Ordered, that all unfinished business, contracts and work in progress but not completed, with the papers relating thereto of whatever description, be and are hereby referred to the next city government." No action was taken by the city council of the year 1874 upon the petition. On or about June 1, 1874, the petitioner addressed another petition, being substantially a copy of his former petition, to the mayor and aldermen and common council of Lynn, which was referred by concurrent vote of those bodies to the appropriate committee, which committee reported an order on December 31, 1874, of that year, granting an allowance of $300 to the petitioner. This order was rejected in the common council.

The respondent contended and asked the judge to rule that the petition would not lie for the reason that it was not filed within the time limited by law. The judge refused so to rule, and ruled that the petition was seasonably filed. To this ruling the respondent excepted.

The petitioner offered evidence tending to show, among other things, that, in consequence of said laying out, he had been damaged by reason of his inability to sell his land in house lots, as he had contemplated ; that he had previously caused plans to be made for laying out the land in lots, and had advertised the land for sale in 1870, and that in consequence of the probability that a street or way might be laid out, substantially as laid out the next year, he had withdrawn his advertisements, and taken no further steps towards selling his land, except that, in April, 1871, he sold four of the house-lots ; that he had been subjected to uncertainty as to the use which he might make of the land, and to derangement of his plans ; that he had suffered disquietude, vexation and annoyance from the action of the city government in the premises ; that he had been put to trouble and expense in visiting Lynn, in seeing the mayor of the city about the matter, and in consulting counsel as to his rights, and employing agents and attorneys to ascertain and enforce such rights.

The judge, against the objection of the defendant, instructed the jury, among other things, as follows: " 1. The petitioner must be a person claiming damages sustained in his property, by the laying out of this street. It appears by the record evidence that the defendant city had awarded to the petitioner about $4000, as damages sustained by him in his property, and there is evidence tending to show that during the two years after the taking, the petitioner claimed payment of the amount awarded to him as damages. This evidence, if believed, will warrant the jury in finding that the petitioner was a person claiming damages as required by the statute.

" 2. You are to allow the petitioner full indemnity for the trouble and expense he has been put to by the proceedings of the city council in the laying out. In relation to the trouble the petitioner has been put to, you may consider the disquietude, vexation and annoyance he has been put to by the proceedings of the city council, by the laying out, and by the notice to him to remove his buildings, fences, &c., so far as these have been shown to you by the evidence ; the derangement of the petitioner's plans, if any, relative to his estate which he had made after the laying out, upon the assumption that his land so laid out was to be entered upon by the city for the purpose of constructing the

highway; the uncertainty in which the petitioner has been kept, if you find that he has so been kept, for the two years from the taking, as to whether the land was to be entered upon by the city or not; the disturbance, if any, to his estate fairly conse-- quent upon the expectation that the land taken was to be entered upon at any time within the two years; and the trouble which the petitioner has been put to, if any has been shown, in over- seeing and directing the sale and removal of the buildings and fences from the land taken in compliance with the notice of the city to him; in consultation with counsel, within the two years from the laying out, in relation to the proceedings of the city council in laying out the street and awarding him damages; and in conferences by the petitioner within the two years with the mayor of the city in relation to said proceedings. All these matters, so far as the evidence in the case relates to them, you may consider, and in connection therewith you may consider the value of the estate and of the premises over which the street was laid out by the city.

" You are also to indemnify the petitioner for all moneys which he has fairly expended by reason of these proceedings of the city in laying out this street; expenses in selling and removing his buildings and fences, if any, in complying with the notice to re- move; expenses paid to counsel, if any, employed by the peti- tioner to see the mayor and city authorities within the two years in reference to these proceedings of the city in laying out said street; and expenses, if any, paid to counsel for himself within the two years, solely concerning these proceedings, so far as evi- dence of such expenditures has been presented to you."

At the request of the respondent the following instruction was given to the jury with the assent of the petitioner : " You are not to consider nor award indemnity for any derangement or disturbance of the petitioner's plans relative to his estate, or any uncertainty in regard to said estate or the use to be made of it prior to the laying out in Sept. 1871, induced by any antici- pated action of the city government; nor are you to award any indemnity for trouble or expense incurred by reason of any rep- resentation made, or assurances given by any person, as to what would or would not be the probable action of the city in respect to said estate."

The jury found for the petitioner and assessed his indemnity in the sum of $4450.

By consent of the parties the case was reported to this court to determine: 1st. Whether the notice by the city to the petitioner to remove his buildings &c., situated upon the street as laid out by the city council, and the sale by the petitioner of said ouildings and the subsequent removal of the same, were in effect such an entry by the city upon the street so laid out as will prevent the petitioner from maintaining this petition. 2d. Whether the rulings, refusals to rule, and instructions to the jury by the court, were correct.

If, in the opinion of the court, the first question above submitted was to be answered in the affirmative, and the land had been so taken as to make the laying out effectual, and the petitioner entitled to the damages awarded by the city, then the petition was to be dismissed. If not, and if any of the rulings were not sufficiently favorable to the respondent, the verdict was to be set aside; otherwise, judgment upon the verdict.

*W. Howland,* for the respondent.

*S. B. Ives, Jr.,* for the petitioner.

ENDICOTT, J.   No actual possession was taken by the city of any portion of the land over which the way was laid out, for the purpose of constructing it, within two years from the time when the right to take possession accrued.   It is conceded by the respondent that the notice to the petitioner to remove his buildings was not an entry for the purpose of constructing the way within the meaning of the St. of 1869, c. 303.

The laying out was therefore void, as against the owner of the land, and the petitioner, on application to the city authorities of Lynn, was entitled to indemnity for damages sustained by reason of the proceedings.   Gen. Sts. c. 43, §§ 14, 63, 81. In November, 1873, soon after the two years had expired, he filed such a petition.   It was referred in December, 1873, by the city council to the next city government, and it does not appear that any action was ever taken upon it.   This reference was in no sense a refusal to assess, and the petitioner was not bound to apply for a jury within a year from that time.   In June, 1874, the petitioner filed another petition, which was substantially a copy of the first.   This was acted upon and an assessment of

indemnity refused in December, 1874. The subject matter and the relief asked for in both petitions were the same, and it was immaterial which was finally acted upon. The refusal to assess was a refusal to assess the indemnity asked for in both petitions. The court properly ruled that the application for a jury in April, 1875, was within the year allowed by the Gen. Sts. *c.* 43, § 73.

At the argument but two objections were urged to the instructions given to the jury : 1st. That, in determining the trouble to which the petitioner had been put, the jury should not have been allowed to assess damages for the " disquietude, vexation and annoyance " to which the petitioner had been subjected by reason of the proceedings, and for the " uncertainty" in which he had been kept upon the question whether the way would be laid out. 2d. That the petitioner's trouble and expense in visiting Lynn, employing counsel and conferring with the mayor in relation to the proceedings while the laying out was in force, were not the subject matter of damages.

The statute provides that any person claiming damages shall have full indemnity for the trouble and expense to which he has been put by the proceedings. Gen. Sts. *c.* 43, §§ 14, 63. The respondent contends that the words " vexation," " disquietude," "annoyance," " uncertainty," as used by the learned judge, refer to conditions of mind, and are not the subject matter of damages within the meaning of the statute. We are of opinion that the objection is well taken. The word " trouble " in the statute refers to trouble from which some material or pecuniary injury results, involving labor and the expenditure of time, or occasioning inconvenience to the owner in the use and occupation of the land ; all of which may be estimated in damages by a standard common to all cases. But mental troubles, so difficult to estimate by any pecuniary standard, and which may vary in different individuals, according to their temperament or health, do not come within the meaning of the statute, and are not the subject matter of damages.

The other objection must be overruled. The petitioner's trouble and expense in visiting Lynn, employing counsel and conferring with the mayor, come clearly within the statute.

*Verdict set aside.*