In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK Relative to Acquiring Title to Certain Pieces or Parcels of Land for a Public Park at Twenty-seventh and Twenty-eighth Streets, between Ninth and Tenth Avenues, in the Twentieth Ward of the City of New York, as Located, Laid Out and Established by the Board of Street Opening and Improvement of the City of New York under and in Pursuance of Chapter 320 of the Laws of 1887, as Amended by Chapter 69 of the Laws of 1895.

THE CITY OF NEW YORK, Successor to THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant; DANIEL B. CHILDS and Others, Respondents.

*New York city — condemnation proceedings to acquire land for a public park — they may be discontinued under section 1000 of chapter 378 of 1897, without costs — an affidavit on a motion should be made by the party.*

Condemnation proceedings instituted under chapter 320 of the Laws of 1887, as amended by chapter 69 of the Laws of 1895, by a resolution of the board of street opening and improvement to establish a public park in the city of New York may, while pending before the commissioners and before they have finished taking testimony as to value, be discontinued by a resolution of the board of public improvement under section 1000 of chapter 378 of the Laws of 1897, although the proceedings were instituted before the passage of the latter act, as such section relates merely to the method of procedure, which the Legislature has power to change even though the change affects pending actions or proceedings.

On such discontinuance the court has not power to dismiss the proceeding "with costs as in an action."

An affidavit used as the basis for a motion should be made by the party and not by the attorney unless some sufficient reason be shown why it should be made by the latter.

APPEAL by The City of New York, the successor of The Mayor, Aldermen and Commonalty of the City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of June, 1898, discontinuing the proceeding and directing the dismissal of the petition herein as to each of the persons named in the said order.

*Theodore Connoly*, for the appellant.

*Joseph A. Flannery*, for the respondents.

McLAUGHLIN, J. :

On the 22d of May, 1896, proceedings were instituted under the statute (Chap. 320, Laws of 1887, as amended by chap. 69 of the Laws of 1895), by a resolution of the board of street opening and improvement, to establish a public park in the city of New York, and to acquire by condemnation proceedings the land required. In accordance with the resolution condemnation proceedings were thereafter instituted and commissioners of estimate appointed. The commissioners entered upon the discharge of their duties, gave the requisite notice to the owners of the land proposed to be taken, held numerous meetings, and took much testimony, both as to the title and value of the land. While the proceeding was thus pending before the commissioners, and before they had finished taking testimony as to value, a resolution was duly adopted by the board of public improvements revoking, rescinding and annulling the resolution above referred to and abandoning all proceedings taken thereunder. The special counsel for the corporation thereafter appeared before the commissioners, presented a copy of this resolution, and made this statement to them : " I am instructed by the corporation counsel to abandon the proceeding, declare it ended and take no further action," and thereupon the commissioners adjourned subject to the call of the chairman. Some time thereafter one of the attorneys, who had appeared for and represented twenty-one different landowners at the hearings held by the commissioners, obtained an order to show cause why the commissioners should not proceed with the matter committed to them under the order appointing them, or, in the alternative, why the proceeding should not be dismissed, with costs and disbursements, as in an action, to each of said landowners. On the return of the order to show cause the court directed that the proceeding, " as to each of the persons hereinafter named, be and the same hereby is discontinued, and that the petition of the mayor, aldermen and commonalty of the city of New York herein be and the same hereby is dismissed with costs as in an action," together with necessary disbursements and reasonable counsel fee, the amount of such disbursements and counsel fee to be determined by a referee. From the order thus made this appeal is taken.

We have been unable to find, and our attention has not been

called to any statute or authority which justified the court in making the order which it did. The power formerly vested in the board of street opening and improvement is now vested in the board of public improvements. (Laws of 1897, chap. 378, § 426.) The board of public improvements, by the same act (the charter of the Greater New York), has the power to acquire for the use of the public title to land required for parks, streets, etc. (§ 415), and by section 1000 of the same act it is specifically "authorized and empowered to discontinue any and all legal proceedings taken for opening * * * streets or parks, or parts thereof, at any time before title to the lands and premises to be thereby acquired shall have vested in the city of New York if, in its opinion, the public interests requires such discontinuance." At the time the resolution was passed by the board of public improvements abandoning the proceeding, the title to the land had not become vested in the city. The commissioners had not then made a report, but were actually engaged in taking testimony for the purpose of determining the value of the land to be acquired. Therefore, the board of public improvements, acting under the section last referred to, had the power to discontinue the proceeding ; and, having exercised that power, it is difficult to see how landowners or the court, acting upon their application, could compel the city to proceed or, in default, pay costs as in an action, including disbursements and counsel fees. But it is contended on the part of the respondent that section 1000 of the act referred to does not apply to this application inasmuch as the proceeding to establish the park was instituted before that section was enacted. In other words, that the power not having been expressly given to the board of street opening and improvement to discontinue by the statute under which the proceeding was originated, the Legislature could not thereafter confer such power upon its successor in respect to proceedings pending; that to do so would in effect deprive one of an existing right. This contention is without force. Section 1000 of the statute, so far as its provisions now under consideration are concerned, relates merely to the method of procedure, and it is well settled that the Legislature has the power to change procedure, even though it affects actions or proceedings pending. (*Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581.) The proceeding, therefore, at the time the order appealed from was made,

had been discontinued.  It was dead, and it could not thereafter be resurrected or brought back to life by the persons whose land would have been taken if the proceeding had been continued, or by the court acting on their application.

We are also of the opinion that the order must be reversed for another reason.  An examination of the record discloses the fact that the order was based solely upon an affidavit made by one of the attorneys who appeared for, and represented before the commissioners of estimate, twenty-one different landowners.  There is not a suggestion in this affidavit or any reason given why it is made by the attorney instead of the clients.  Indeed, not a fact is stated from which the court can see or even infer that any of the persons represented by the attorney desire the proceeding continued or would sustain any damage by reason of its discontinuance.  Upon such an affidavit, we do not think the court was justified in making the order which it did.

The order should be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; PATTERSON and O'BRIEN, JJ., concurred in second ground of opinion.

Order reversed, with ten dollars costs and disbursements.