Present — GOODRICH, P. J., BARTLETT, WOODWARD, JENKS and SEWELL, JJ.

Judgment, so far as appealed from, affirmed, with costs.

---

In the Matter of the Application and Petition of the BOARD OF TRUSTEES OF THE VILLAGE OF WHITE PLAINS for the Opening and Laying Out of a Public Highway in the Village of White Plains, Westchester County, New York.

THE BOARD OF TRUSTEES OF THE VILLAGE OF WHITE PLAINS, Appellant; VICTORIA WHITNEY and SARAH E. LESTER, Respondents.

*Discontinuance of a proceeding to open a highway — what terms may be imposed.*

The court has power, as a condition of granting a motion, made by the board of trustees of a village to discontinue a proceeding instituted by the board to open a public highway, to require the payment of more than the ordinary taxable costs and disbursements.

APPEAL by the petitioner, the Board of Trustees of the Village of White Plains, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 22d day of April, 1901, granting its motion to discontinue proceedings instituted by it to open a public highway on its compliance with the terms imposed by the order.

The material parts of the order appealed from were as follows:

"*It is ordered*, that the motion to discontinue these proceedings be, and the same hereby is granted upon the following conditions:

"1st. That the fees, costs and expenses of the Commissioners, Frank Manser, Charles H. Ostrander and Arthur J. Burns, including the surveyor's and stenographer's fees, hereby taxed and allowed at the sum of two thousand four hundred and ninety-five and 41-100 dollars, as shown by said Commissioners' report and the

said opposing affidavits, be paid by said village within the time hereinafter specified.

"2d. That the sum of two thousand dollars, including the sum agreed upon for legal services, as shown by the opposing affidavits, and for legal services in opposing this motion, be paid by said village within the time hereinafter fixed to Wilson Brown, Jr., attorney for said landowners, Whitney and Lester, for the legal services rendered to said landowners in these proceedings.

"3d. That within said time hereinafter fixed, the said village pay to Victoria Whitney the sum of five hundred and forty-seven and 50-100 dollars for the ascertained expenses in addition to counsel's fees, occasion* to her by reason of these proceedings by the village as shown by the opposing affidavits to be the following mentioned items :

| | |
|---|---:|
| Expert witnesses' fees | $135 00 |
| Other witnesses' fees and cost of subpœnaing | 2 50 |
| Copies maps | 10 00 |
| Loss of rent and repairs paid for damages to cottage as set forth in affidavits | 400 00 |
| | $547 50 |

"That within said time hereinafter fixed, the said village pay to Sarah E. Lester the sum of three hundred and ten and 55-100 dollars for the ascertained expenses in addition to counsel's fees occasioned to her by reason of these proceedings by the village, as shown by the opposing affidavits to be the following mentioned items :

| | |
|---|---:|
| Expert witnesses' fees | $220 00 |
| Other witnesses' fees and cost of subpœnaing | 3 50 |
| Expenses to Poughkeepsie and return | 6 50 |
| For fence made necessary by these proceedings | 80 55 |
| | $310 55 |

"*And it is further ordered,* that W. W. Scrugham, Esquire, a counselor-at-law, be and he hereby is appointed the referee herein,

---

*Sic.*

to hear and determine what other damage and expense in addition to the above sums, if any, has been sustained by said landowners, Lester and Whitney, or either of them, by reason of the proceedings of the village herein since the original application was presented to the said Board of Trustees of said village, or by reason of the discontinuance and application therefor, and the expenses of said reference shall be paid by the village. Said referee shall hear the evidence and make his report on or before the 20th day of May, 1901; and said sums above specified to be paid in this order, and such expense of said reference and the damages, if any, reported by said referee to said landowners, shall be paid by said village, on or before the 20th day of May, 1901; otherwise, this motion is denied, with $10 costs."

*H. T. Dykman*, for the appellant.

*Wilson Brown, Jr.*, for the respondents.

GOODRICH, P. J.:

This is an appeal by the board of trustees of the village of White Plains from an order granting a motion made by the board to discontinue proceedings instituted by it to open a public highway. The parties stipulated that the appellant raises only the question of law, " that the Court had no power except to discontinue on payment of ordinary taxed costs and disbursements in an action or special proceeding."

There is no doubt of the power of the court to order a discontinuance. (*Matter of Petition of Butler*, 101 N. Y. 307.) Indeed, this is conceded in the brief of the appellant. This being so, the question is fully answered in *Matter of Waverly Water Works Co.* (85 N. Y. 478).

If it were not for the stipulation above referred to, the clause of the order which provides for the payment of the expenses and damages upon the report of the referee, without confirmation thereof by the court, might well be subject to review.

The order should be affirmed, with costs.

BARTLETT, HIRSCHBERG, JENKS and SEWELL, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.