But here the very proofs which the plaintiff made showed him to be outside the terms and conditions of his contract. There could be no liability, and therefore the company could not, by its act in asking for the proofs, waive any right, for it could not by a waiver create any affirmative right to a fund which had never been due to the plaintiff.

The appellant contends he still had money to his credit with the defendant applicable to the payment of his August dues, and that the same should have been so applied. The evidence is briefly this: That at the time the application was signed by the plaintiff he paid Mr. Knight, the solicitor of the defendant, the sum of $3. The policy was issued in payment of the premium and policy fee. The premium was concededly $1 a month. The balance was probably the policy fee, but no evidence was given on the subject. The plaintiff had the burden of proof. If he contended he had overpaid his just dues so that he had a deposit to his credit applicable to the August premium, he should have given evidence to establish that fact. We do not see how this court, in the absence of evidence, can indulge in any presumption that the money paid by the plaintiff on taking out the policy was an advance, and not in payment of the policy fee.

The judgment appealed from should be affirmed, with costs.

---

(52 Misc. Rep. 319.)

### In re MT. VERNON AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. November, 1906.)

EMINENT DOMAIN—PROCEEDINGS—PARTIAL DISCONTINUANCE.

Laws 1901, p. 426, c. 466, § 1000, Greater New York Charter, authorizes the board of estimate and apportionment of Greater New York to discontinue proceedings to acquire property for a street at any time before title is acquired, if, in the opinion of the board, the public interest requires it. *Held*, that proceedings may be discontinued as to a portion of the property affected without discontinuing as to the remainder.

Proceedings by the city of New York to acquire property for a street. Motion to confirm report of commissioners of estimate and assessment. Granted.

William B. Ellison, Corp. Counsel, and Truman H. Baldwin (James Regan Fitz Gerald, of counsel), for the motion.

McCarty & Baldwin, opposed.

GIEGERICH, J. This proceeding was brought to acquire property for the purpose of opening a street to be known as "Mount Vernon avenue," from Jerome avenue to the northern boundary of the city of New York.

Objection was made on behalf of the Woodlawn Cemetery to the acquisition for street purposes of that part of the cemetery lying between Jerome avenue and 233d street, which was included in the new street as originally projected. This objection was sustained by the courts after considerable litigation, and the result was that the city, owing to its inability to condemn the property of the Woodlawn Cemetery embraced within the proposed street, had no use for the strip of

property originally proposed to be acquired from what is known as the "Valentine estate," which strip, taken in connection with the strip proposed to be acquired from the Woodlawn Cemetery, constituted the contemplated street between Jerome avenue and 233d street. The strip so originally intended to be acquired from the Valentine estate is of an irregular, elongated, and tapering form, and is properly described by the attorney for the city as a "cul-de-sac," now that the city has been defeated in its efforts to obtain the needed portion of the cemetery property, and would be of very little value to the city. When the matter took this form the board of estimate and apportionment, by resolution, required the corporation counsel to discontinue the proceeding so far as it affected the portion of the proposed avenue lying between the said Jerome avenue and 233d street. The commissioners of estimate and assessment have now made their report, and this motion, made by the city, is to confirm their report, so far as it relates to awards, and to return it to the commissioners for further action, so far as it relates to assessments.

On behalf of the Valentine estate objection is made that the city had no right or authority to discontinue the proceeding as to a part of the property, and the court is asked to refer the report back to the commissioners, with directions to make a further final report, without regard to the resolution of the board of estimate and apportionment directing the discontinuance of the proceeding as to a portion of the property originally embraced therein. Both sides treat the case as properly presenting the question of the power of the city to discontinue such a proceeding as to a portion of the property affected. Section 1000 of the Greater New York charter (chapter 466, p. 426, Laws 1901) expressly clothes the board of estimate and apportionment with authority to discontinue such proceedings at any time before title is acquired by the city if, in the opinion of the board, the public interest requires such discontinuance.

In the present case there can be no question that the public interest did require the discontinuance of the proceeding to the extent indicated in the resolution of the board, and the only question is whether the proceeding, if any discontinuance is had, must be discontinued in toto or whether it may be discontinued as to a portion of the property affected. No authority is cited directly on the point, nor is the statute explicit, but in view of the reasons underlying the rule permitting a discontinuance of such proceedings in the discretion of the proper city authorities, which rule is not one of recent date nor one based solely upon the authority of the present statute (see Matter of Com'rs of Washington Park, 56 N. Y. 144, and cases cited), I am of the opinion that it ought to be held that such authority was intended to be conferred. Otherwise the city would be put to the hardship of either discontinuing this entire proceeding, with the consequent delay and the loss of the labor and expense of appraising the property embraced within the portion of the street which it has power to take and is intending to take, and institute an entirely new proceeding for the purpose of doing precisely what has been done in the present proceeding, or, in the alternative, of maintaining the present proceeding

in its entirety and acquiring and paying for land which, under the circumstances, is manifestly of much greater value to its owners than it would be to the city and which would be acquired by the city at a heavy loss.

Motion granted, but without costs.

(117 App. Div. 912)

## HALL v. STRONG.

(Supreme Court, Appellate Division, Third Department.   January 9, 1907.)

PLEADING—SCANDALOUS ALLEGATIONS—ACCOUNTING BY TRUSTEES.

In an action against a surviving testamentary trustee and the executors of the deceased trustee, an accounting was sought for trust funds held by the deceased trustee, and the executors answered that the surviving trustee was not competent to take charge of the funds, and by reason of their interest as remaindermen they asked his removal. *Held*, that a motion to strike the allegation as to the survivor's incompetency as irrelevant and scandalous was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1156, 1157.]

Appeal from Special Term, Tompkins County.

Action by Hannah M. Hall against Cyrus M. Strong, as surviving trustee under the will of Eleanor M. Strong, deceased, and others, as executors of the will of Silas Strong, deceased. Appeal by plaintiff from an order denying plaintiff's motion to strike out certain matter from the executors' answer as irrelevant and scandalous. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCH-RANE, JJ.

PER CURIAM. The court will not upon this motion determine the sufficiency of this answer. Nor will it determine the rights of the defendants as remaindermen under the will of Eleanor M. Strong. The action seeks an accounting from the defendants for trust funds held by their testator. Such trust funds as may be found would naturally be directed paid to the surviving trustee. The defendants, however, by answer, complain that the surviving trustee is not competent to take charge of said trust funds, and that by reason of their interest as remaindermen they ask his removal. If the allegation in defendants' answer be true, and if defendants have an interest as remaindermen in this trust fund, they would seem to show good grounds why any sum which they shall be decreed to pay shall not be paid to this surviving trustee; and it is difficult to see why the court should not in this action investigate as to whom these moneys should be paid. Assuming, then, that the issue as to the competency of this surviving trustee is a material issue, the allegations of the answer are not irrelevant, and, if relevant, the fact that those allegations reflect upon character is no ground for expunging them from the record.

The order should be affirmed, with $10 costs.

102 N.Y.S.—11