PEOPLE ex rel. WYNNE v. MORRIS et al.·

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. STATUTES (§ 195*)—CONSTRUCTION—EXPRESS MENTION AND IMPLIED EXCLUSION.

  That Greater New York Charter (Laws 1901, c. 466) § 1000, relative to proceedings for the acquisition of property for streets and parks, provides for discontinuance by the board of estimate and apportionment, and in such case for the payment by the city of the necessary disbursements incurred by interested parties, while subchapter 21, relating to the acquisition of title for school purposes, contains no such provisions, does

not indicate the intention of the Legislature to withhold the power to discontinue without leave of court in the latter case, and the existence of such power is to be determined according to the rules of the common law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 273; Dec. Dig. § 195.*]

2. EMINENT DOMAIN (§ 197*)—PROCEEDINGS TO TAKE PROPERTY—DISCONTINU-
ANCE.

Proceedings under Greater New York Charter (Laws 1901, c. 466) subc. 21, by the board of education and the board of estimate and apportionment to acquire land for school purposes, may abate by the rescission of the resolution of the boards on which the proceedings were based, without leave of court to discontinue.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

3. MANDAMUS (§ 81*)—SUBJECTS OF RELIEF—ACTS OF OFFICER.

Where the board of education and the board of estimate and apportionment rescind their resolutions on which proceedings to acquire land for school purposes are based, mandamus will not lie, on the relation of the owner of one of .the tracts sought to be condemned, to compel the commissioners of estimate and appraisal to make and file their final report.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 138, 139; Dec. Dig. § 81.*]

Appeal from Special Term, New York County.

Proceeding by the People of the State of New York, on the relation of Catherine L. Wynne, for mandamus to William E. Morris and others, as commissioners of estimate and appraisal, in the matter of acquiring title by the City of New York to certain land situated on the northerly side of East 151st street between Cypress and Powers avenues, in the Borough of the Bronx, duly selected as a site for school purposes according to law. From an order granting the petition of the relator, respondents appeal. Reversed, and motion denied.

This proceeding was commenced under subchapter 21 of the Greater New York charter to acquire title to land for school purposes. On May 26, 1909, the board of education adopted a resolution selecting the site, and on June 25, 1909, the board of estimate and apportionment adopted a resolution approving said action and authorizing the institution of condemnation proceedings. On September 29, 1910, commissioners of estimate and appraisal were appointed. On June 8, 1910, the board of education adopted a resolution rescinding the resolution of May 26, 1909, and on June 24, 1910, the board of estimate and apportionment adopted a resolution rescinding its resolution of June 25, 1909. This is an appeal from an order, granted upon the petition of the relator, a property owner, directing the issuance of a peremptory writ of mandamus, commanding the commissioners of estimate and appraisal to make and file their final report.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Clarence L. Barber, for appellants.
I. T. Flatto, for respondent.

MILLER, J. The evident purpose of the relator is to compel the city to apply to the court for leave to discontinue, in the expectation that the court will impose the payment of costs as a condition of dis-

continuance. It is not pretended that title to the property, sought in the condemnation proceedings, has vested in the city, or that the possession of the owners has been interfered with.

In Matter of Waverly Waterworks Co., 85 N. Y. 479, it was decided that the Special Term had the power to impose, as a condition of discontinuance of condemnation proceedings, the payment of more than the taxable costs and disbursements, upon the theory that the proceeding could only be discontinued by leave of the court, and that the Special Term had discretion to refuse leave. But there is a plain distinction between the exercise of the right of eminent domain by a corporation, representing private interests, and such exercise by public officers. Matter of Commissioners of Washington Park, 56 N. Y. 144. In that case the Special Term had granted leave to discontinue upon payment to the landowners, who were parties to the proceeding, of their necessary and reasonable costs and expenses. The point discussed was whether any rights had become vested, which required the court to refuse leave. The earlier decisions on that question were discussed by Judge Rapallo, and the conclusion was reached that, until the confirmation of the report, no rights vested in the property owners. The court did not determine whether the Special Term had discretion to refuse leave. The order, imposing terms, was affirmed on the theory that by making the application the park commissioners conceded to the court the power to determine the terms upon which it should be granted, and in that connection it was said: "The cases cited seem to recognize the necessity of such leave." Undoubtedly, by entertaining and granting motions for leave to discontinue, the courts in a sense recognize the necessity of such leave; but the point was not presented or considered in any case which I have been able to find, and it is obvious from the opinion of Judge Rapallo that he did not intend to pass upon it.

When the question first arose in this state, there appears to have been a difference of opinion between the Supreme Court and Chancellor Kent as to the right of a public officer or board to discontinue. See Matter of Beekman Street, 20 Johns. 269; Corporation of New York, 6 Johns. Ch. 46. But the latter's view, to the effect that the corporation might abandon their plan at any time before confirmation of the report, was later adopted by the Supreme Court. See People v. Corporation of Brooklyn, 1 Wend. 318, 19 Am. Dec. 502; In the Matter of Canal Street, 11 Wend. 155; In the Matter of Anthony Street, 20 Wend. 618, 32 Am. Dec. 608; Martin v. Mayor of Brooklyn, 1 Hill, 545. No doubt it was assumed by the Legislature that the effect of those decisions was to require application to the court for leave to discontinue, because, by chapter 209, § 7, of the Laws of 1839, relating to the city of New York, application to the court for leave to discontinue was dispensed with.

Section 1000 of the present charter (Laws 1901, c. 466), relative to proceedings for the acquisition of property for streets and parks, provides for discontinuance by the board of estimate and apportionment, and in such case for the payment by the city of the necessary disbursements incurred by interested parties; but I do not think that the inclusion of a provision on the subject in the chapter relative to the

acquisition of property for streets and parks, and the omission of such a provision in the chapter relative to the acquisition of property for other purposes, including school sites, is determinative of the question. If it be said that express authority conferred in the one case, and withheld in the other, indicates an intention that there shall be no such authority in the latter, it may be said with equal force that the express provision for the payment of disbursements in the one case, and the absence of any such provision in the other, indicates an intention not to require such payment in the other. The Legislature has left the question of discontinuance in proceedings under said subchapter 21 to be determined according to the rules of the common law.

Of course, ordinarily, an action or proceeding in court can be effectually discontinued only by an order of the court. But a proceeding may abate without an order of the court. In this case the Legislature has delegated the power to exercise the right of eminent domain to certain municipal boards or officers for a governmental purpose; i. e., the acquisition of a school site. No private interest, not even that of the city itself as a proprietor, is concerned in the exercise of that right. It was for the board of education and the board of estimate and apportionment to determine whether the public interest required or justified the acquisition of this site for school purposes, and until private rights have intervened they alone can determine whether the public interest requires a discontinuance or abandonment of the proceedings. Surely they are not bound to go ahead, if it develops, contrary to expectation, that the cost of the particular site selected will be prohibitive. Their resolutions selecting the site are the basis of the proceeding. If it be conceded that they have the power to rescind those resolutions, as I think it must be, it necessarily follows that upon such action being taken the proceeding abates. Surely it cannot be continued in the absence of any warrant for it. The rights of property owners have not been prejudiced. Both their ownership and possession remain undisturbed. The case is very different from a mere suitor undertaking to withdraw from a litigation without an order of the court. If this had been a proceeding directly authorized by the Legislature, no one would question that it abated upon a repeal of the act authorizing it to be instituted. It seems to me that the case is no different from the fact that the power of the Legislature has been delegated to a municipal board or boards.

Moreover, while there is no express authority on the right to discontinue without leave of court, there is authority for the proposition that the relator had no such right to the continuance of the proceedings as justified the granting of the peremptory writ to require the filing of the report. See People v. Corporation of Brooklyn, supra. That was a street opening proceeding. The commissioners of estimate and assessment were appointed and made their report. The act in question required the trustees of the then village of Brooklyn to cause the report to be filed with the clerk of the Court of Common Pleas at the next term thereof; but the trustees, upon receiving the report, refused to file it, and it was held that they had discretion to refuse to proceed, and that the relators, property owners, had no such right as

justified the court to interpose by mandamus. One of the relators in that case then brought an action to recover damages, and it was held that he had acquired no interest which was violated by the refusal of the trustees to go on with the proceedings. Martin v. Mayor, supra. It will thus be seen that, in that case, even after the commissioners of estimate and assessment had made their report, the public board, to whom the right had been delegated by the Legislature, effectually discontinued the proceeding by refusing to file the report. Suppose a report in this case should now be prepared and filed. Could the court confirm it, and thereby undertake to vest the title of the property in the city in spite of the fact that the resolutions, upon which the proceedings were instituted, have been rescinded? The answer seems obvious. A writ of mandamus should not be issued to command the doing of a vain thing.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### CHOATE v. BEEBE.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

CORPORATIONS (§ 121*)—SALE OF STOCK—ACTIONS—EVIDENCE.

    Where the defendant, under a contract providing for the delivery of 20 shares of capital stock of a corporation, made a delivery of 20 shares of stock of a corporation of the same name, which the plaintiff refused, claiming that these were not the shares agreed upon, evidence of the capitalization of the corporation mentioned in the contract and the unmber of its shares was admissible in an action for damages for failure to deliver, for the contract evidently provided that the shares should be of the capital stock of the company as then capitalized, and this evidence was material on that issue.

    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 121.*]

Appeal from Trial Term, Erie County.