In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title, etc., for the Purpose of Opening and Extending Senator Street from First Avenue to Fifth Avenue, etc.

CHRIST CHURCH OF BAY RIDGE, Appellant, v. THE CITY OF NEW YORK, Respondent.

DAVID PORTER, Appellant, v. THE CITY OF NEW YORK, Respondent.

Second Department, November 28, 1913.

**Municipal corporations — street opening, city of New York — amendment of plans — costs.**

While by virtue of section 1000 of the charter of the city of New York costs may be taxed upon the discontinuance in whole or in part of a street opening proceeding, said section does not apply where the proceedings are merely amended by changing the location of the proposed street so that it leaves out a part of an owner's property but retains a substantial portion thereof.

APPEAL by the petitioners, Christ Church of Bay Ridge and David Porter, from two orders of the Supreme Court, made at the Kings County Special Term and entered in the office of the

clerk of the county of Kings on the 24th day of February, 1913, denying motions for the taxation of costs.

*Philip M. Bromberg* [*Hugo Hirsh* with him on the brief], for the appellants.

*Edward Riegelmann* [*Howard L. Campion* and *Archibald R. Watson* with him on the brief], for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice KAPPER at Special Term.

JENKS, P. J., BURR, THOMAS, STAPLETON and PUTNAM, JJ., concurred.

The following is the opinion of Mr. Justice KAPPER:

KAPPER, J.:

Granting that the city in street opening proceedings may discontinue as to a portion of the property within the lines of the contemplated improvement (*Matter of Mayor, etc.*, 52 Misc. Rep. 319; affd., 127 App. Div. 650; affd. without opinion, 193 N. Y. 658), I am of the opinion that the change of plans in the case at bar does not come within section 1000 of the charter, which provides for the taxation of the reasonable actual cash disbursements necessarily incurred by a party upon the "discontinuance" of the proceedings. Prior to the revision of the Greater New York charter in 1901 (Chap. 466; amd. by Laws of 1906, chap. 658, § 24) there was no authority for such taxation. (*Matter of Mayor*, 34 App. Div. 468.) No reported case since the one last cited appears to have passed upon the question. The change of the street lines in the proceedings at bar did not wholly exclude the properties of the applicants, but retained a substantial part thereof within the proposed street. The same attorney appeared as to all of the property of each of the present claimants, as well that which was included before as after the change, and there was never any segregation of the interest. My view is that the enabling act (§ 1000, *supra*) did not contemplate such a state of facts as is here presented; that there was no discontinuance within the meaning of the section, but that there was simply an amendment of the proceeding. The section finds ample scope when applied to a discontinuance,

either as to a whole piece of property or to the entire proceeding, and it is not necessary to justice in this case that it should be made to apply to an amended proceeding, which by a change of lines simply leaves out a part of the owner's property and retains a substantial portion thereof as a part of the new street.

Motions denied. _____