Matter of Acquiring Title to NAGY STREET, from Grand Street to Metropolitan Avenue, Borough of Queens.

(Supreme Court, Kings Special Term for Motions, March, 1917.)

Condemnation proceedings — power of board of estimate in — street opening proceedings — title — when motion to amend proceeeding denied — Greater New York Charter, § 992.

Under section 992 of the Greater New York Charter, added by chapter 606 of the Laws of 1915, relating to street opening

proceedings, and which provides that "The resolution of the board declaring any such proceeding discontinued shall effect the discontinuance of such proceeding or such part thereof as may be discontinued," and further providing for the payment of the expenses incurred by the property owners of the portion of the street that is eliminated, the power of the board of estimate to discontinue proceedings before title to lands sought to be acquired has vested in the city is absolute without any application to the court; such provision, being merely a change in procedure, applies to a proceeding commenced before the enactment of said section.

At the time of the institution of the proceedings authorized by the original resolution of the board of estimate there was a house which stood in the line of the improvement and, when it was subsequently destroyed by fire, the owner, in consequence of and in reliance upon the good faith of the board of estimate in notifying her that if she built upon the old site she might not recover in the proceeding the value of the building, erected a new building on the line of the proposed street making entrances to it from that street. Under an amended resolution thereafter adopted the plan of the new street will not be opened near her property and, as a result, she claims substantial damages. Upon a motion to amend the proceedings to conform to the amended resolution of the board of estimate, *held*, that though the board should have considered the situation of said property owner before it made the change by which she would be absolutely deprived of her street frontage in the face of her protests and of the presentation of the facts and circumstances showing her good faith, the action taken by the board was within its legal power and said property owner must be held not to have any legal cause for complaint.

That as under the amended resolution the owners of the property abutting on the portion of the street which is not eliminated are burdened with the total expense of the entire proceeding, including the expense incurred in connection with the properties lying in the portion of the street that it is proposed to eliminate, a motion to amend the proceeding should be denied, the amended resolution being illegal in that it attempted to require said property owners to pay expenses which should and must be borne by the city.

MOTION to amend in condemnation proceedings.

Supreme Court, March, 1917. [Vol. 99

Lamar Hardy, Corporation Counsel (Joel J. Squier and John J. Kearney, of counsel), for motion.

Edward W. Murphy, for Anna J. Doyle, opposed.

Skinner.& Bermant, for Mathius Siebert and others, opposed.

William E. Donavin, for John N. Andren and others, opposed.

William A. R. Keyse, for Caroline F. Stines, opposed.

Philip B. La Roche, Jr., for Ignacs Schrey, opposed.

CROPSEY, J. An unusual situation is presented upon this motion. It is fortunate that it is unusual, for it shows that the rights of property owners have not been regarded. This situation is created by a change of decision by the board of estimate of the city. This proceeding was authorized by that board in November, 1905, and again by further resolution in March, 1907, and a still further amended resolution was adopted in June, 1911. The commissioners were appointed in November, 1911. The proceeding contemplated the opening of Nagy street from Metropolitan avenue to Grand street. Hearings were had before the commissioners extending over a number of years and in June, 1914, the preliminary report was made. Another year's delay followed on the hearing of the objections and the making of the final report of awards and the taxing of the costs. This had been done finally in May, 1915. Then with the proceeding practically finished the board of estimate took up the consideration of amending the city map and adopting

Misc.]          Supreme Court, March, 1917.

an amended resolution affecting this proceeding. After another year's delay in April, 1916, that board decided that Nagy street should be opened only between Metropolitan avenue and Jansen avenue. That is that portion of Nagy street included in the original proceeding and lying between Jansen avenue and Grand street was eliminated. Under the original plan the street was to run straight from Metropolitan avenue to Grand street. Under the amended plan the street runs straight from Metropolitan avenue to Jansen avenue and from there turns to the east at a considerable angle.

Now the city moves to amend this proceeding to conform to the amended resolution of the board of estimate. The action of the board was not taken upon the application of any property owner but was of the city's own motion and is said to have been taken to correct some blunder of a city official. The changes that would result from the amendment of the proceeding would be prejudicial to the property owners both on the portion eliminated and on the portion remaining. On the portion eliminated the owners have spent money for lawyers' fees and other expenses in proving their title and establishing their damages. It may be that they can recover these expenses under section 992 of the charter (Laws of 1915, chap. 606, in effect May 12, 1915), provided they make application to the court within one year after the adoption of the amended resolution by the board of estimate. But there is one owner in the eliminated portion who is in a different situation.

At the time this proceeding was commenced Anna J. Doyle owned a house which stood in the line of the improvement. This subsequently was destroyed by fire and she made inquiry to learn if it could be rebuilt on the old site. The public officials advised her of the

pendency of this proceeding and notified her that if she built on the old site she might not recover in this proceeding the value of the building under the authorities to which her attention was called. *Matter of City of New York (Hawkstone Street)*, 137 App. Div. 630; affd., 199 N. Y. 567; *Matter of City of New York (Briggs Avenue)*, 196 id. 255. In consequence and relying upon the good faith of the board of estimate she erected the new building on the line of the proposed street making entrances to it from that street. Under the amended plan the street will not be opened near her property and she claims to have sustained substantial damage as the result.

The owners of the property abutting on the portion of the street which is not eliminated are burdened, under the amended resolution, with the total expense of the entire proceeding including the expense incurred in connection with the properties lying in the portion of the street that it is proposed to eliminate. About 1,100 pages of testimony were taken by the commissioners and of this about 700 pages, or about two-thirds of the whole number, were taken up with the testimony relating to the portion of the street now sought to be eliminated. The entire expense of those hearings, not only of the commissioners but also of the city and its experts, it is proposed to charge against the property owners on the remaining portion.

At the threshold of the consideration of this matter the court is met with the question of power. The corporation counsel contends that there is no discretion in the court and that the order sought must be granted and that there is no power in the court to impose any terms. His claim is that the right of the board of estimate to discontinue proceedings is absolute, up to the time that the final report has been confirmed or title has vested. A study of this question reveals a

conflict in the decisions, some of them holding there is no right to discontinue, others that the right exists in the local authorities in the absence of a statutory provision and that it can be exercised without applying to the court, and still others holding that application must be made to the court. Apparently it is generally conceded that such power may be given to the local municipal authorities by the legislature and if it is that it is controlling.

The English rule is that such proceedings cannot be discontinued. *The King* v. *Commissioners for Improving Market Street, Manchester,* 4 B. & A. 333; *The King* v. *Hungerford Market Company,* id. 592; *Stone* v. *Commercial Railway Co.,* 4 Mylne & C. 122; *Tawney* v. *Lynn & Ely Railway Co.,* 16 L. J. (N. S.) Ch. 282; *Walker* v. *Eastern Counties Railway Co.,* 6 Hare, 594. This rule, however, has not been followed in this state. The earlier authorities were in conflict as to whether it was necessary to apply to the court in order to effect a discontinuance. *Matter of Beekman Street,* 20 Johns. 269; *Corporation of New York* v. *Mapes,* 6 Johns. Ch. 46; *People ex rel. Dikeman* v. *Corporation of Brooklyn,* 1 Wend. 318; *Matter of Canal Street,* 11 id. 155; *Matter of Anthony Street,* 20 id. 618; *Martin* v. *City of Brooklyn,* 1 Hill, 545. These cases were all decided at a time when the statute was silent on the question. 2 R. L. of 1813, 408, §§ 177, 178. And since then where there is no statutory provision, it has been held that the court has the discretion of granting a discontinuance and that it cannot become effective without the court's action. *Matter of Commissioners Wash. Park,* 56 N. Y. 144; *Matter of Waverly Water Works Co.,* 85 id. 478; *Matter of Trustees of White Plains,* 65 App. Div. 417; *Matter of South Market Street,* 76 Hun, 85–91. There are a number of authorities holding that application to the court is unneces-

sary but they arose in cases in which there was no statutory provision on the subject.

In 1839 (Laws of 1839, chap. 209, § 7) the legislature conferred upon the local authorities power to discontinue these proceedings without applying to the court. This was later enacted in the Consolidation Act (Laws of 1882, chap. 410, § 1003) and continued in force until the adoption of the first charter of the city of Greater New York. By that charter (Laws of 1897, chap. 378, § 1000) the power of the local board to discontinue proceedings was stated but that portion of the former provision which expressly dispensed with the necessity for court action was omitted. This omission and modification would seem to be conclusive upon the intention of the legislature that these proceedings could not be discontinued without the court's sanction, but the courts have held otherwise. *Matter of City of New York,* 34 App. Div. 468; *Matter of City of New York* (*Mt. Vernon Avenue*), 52 Misc. Rep. 319; affd., 127 App. Div. 650; affd., 193 N. Y. 658; *People ex rel. Wynne* v. *Morris,* 143 App. Div. 293.

Whatever question there was as to the power of the board of estimate, under the provisions of the charter just referred to, it has been set at rest by the enactment of 1915. Chapter 606 of the laws of that year made a number of amendments to the charter relating to these proceedings. Among other things it enacted a new section (992). This contained the substance of the former section (1000), but also this new sentence: "The resolution of the board declaring any such proceeding discontinued shall effect the discontinuance of such proceeding or such part thereof as may be discontinued." Under this, the power of the board of estimate to discontinue proceedings before title has vested is absolute. And this provision, though enacted after this proceeding was com-

menced, applies to it, for it is merely a change in procedure. *Matter of City of New York,* 34 App. Div. 468–470. Under this section no application to the court is necessary.

But this is not an application for a discontinuance. It is to "amend" a pending proceeding. An amendment might be the same as a discontinuance of the proceeding in part for it might consist merely in eliminating a portion of the street to be opened. If this were so, merely calling it a motion to amend might not change its character and it might be deemed a motion to discontinue, for under the new section 992 the power to discontinue either in whole or in part is granted. In fact the courts had previously held that the power to discontinue in part necessarily existed under the grant of a general power to discontinue. *Matter of City of New York (Mt. Vernon Avenue),* 127 App. Div. 650–656; affd., 193 N. Y. 658; *Matter of City of New York,* 52 Misc. Rep. 319; affd., 127 App. Div. 650; affd., 193 N. Y. 658. By this motion more than a mere elimination of a portion of the street is sought. The amended resolution of the board eliminates several blocks but also includes a portion of the new Hagy street which was not included in the original resolution.

The power to amend proceedings is not possessed by the board of estimate but is expressly given to the court. Greater N. Y. Charter, § 994, enacted by Laws of 1915, chap. 606, being substantially the same as former § 974. The board of estimate had no inherent powers, having only such as the statute gives it. *Matter of City of Johnstown (South Market St.),* 76 Hun, 85–89. In a proper case the court should grant an amendment. But is this such a case?

In determining that the rights of the property owners must be considered. As has already been

pointed out, the provision of the charter (§ 992) pro-
vides for the payment of the expenses incurred by the
property owners of the portion of the street that is
eliminated.   This answers any objection they could
raise, for such a provision is constitutional.  *Whitney*
v. *Lynn,* 122 Mass. 338; *Sanitary District* v. *Bern-
stein,* 175 Ill. 215; *Chicago & W. I. R. R. Co.* v.
*Guthrie,* 192 id. 579; *Chicago & S. Co.* v. *Flaherty,* 222
id. 67; *Deneen* v. *Unverzagt,* 225 id. 378; *Wiler* v. *Logan
Nat. Gas & Fuel Co.,* 6 Ohio C. C. (N. S.) 206; affd.,
*sub nom. Logan Nat. Gas & Fuel Co.* v. *Wiler,* 72
Ohio St. 628; *Mellichar* v. *City of Iowa City,* 116
Ia. 390.

It may be a question whether the property owner
whose house was burned and who built on the line of
the proposed street in compliance with the require-
ments of the city officials can recover her damages
under this section, but this need not be determined,
for even if she cannot her objection would not be a
sufficient ground for refusing this application as she
would have no cause of action for her damages in the
absence of a statutory provision.  *Martin* v. *City of
Brooklyn,* 1 Hill, 545–548; *Whyte* v. *City of Kansas,* 22
Mo. App. 409; *Shanfelter* v. *City of Baltimore,* 80 Md.
483.  In *Matter of City of New York (Beekman St.),*
20 Johns. 269, the court refused to permit a discontinu-
ance after property owners had built in accordance
with the line of the proposed street, but this was
decided when there was no statutory provision giving
the local authorities the power to discontinue and when
the court's discretion could be exercised.

The situation of this property owner in the present
proceeding should have been considered by the board
of estimate before it adopted the amended resolution.
When her house burned she was in a sorry fix.  If she
built on the old site and then the street came through

Misc.] Supreme Court, March, 1917.

she might have no claim for structural damages under the cases already cited. So she relied upon the action of the board of estimate and did what an honorable, high-minded citizen would do, namely, built on the new line. One would naturally think she would have the right to rely on the board of estimate and that she would not be misled and deceived by it to her damage. But after she had erected her new building on the line of the proposed street, because this proceeding was pending, the amendment was made which absolutely deprived her of that frontage. And this change of attitude by the board of estimate was made in the face of her protests and of the presentation of the facts and circumstances showing her good faith and her damage. But as long as the board of estimate has this power under the law the courts cannot interfere with it unless in its exercise some constitutional rights are invaded. Under the authorities this unfortunate property owner must be held not to have any legal cause for complaint.

The question of assessing the entire expense of the proceeding upon the property abutting on the portion of the street that remains presents, however, an entirely different question. It has been pointed out that two-thirds of the testimony related to the portion of the street sought to be eliminated and that all the expense connected with that must, if this amendment is allowed, be borne by property owners who have derived no benefit from it. In fact no property owners have derived any benefit from those expenses. They have been merely wasted because of the change of opinion by the board of estimate. On what theory such an unfair and unjust levy could be made does not appear.

Under the Constitution the expenses of opening streets are to be paid " by the person to be benefited."

Art. I, § 7.   The property owners abutting on the por-
tion of the street that is to remain must pay for the
expenses incurred in connection with that portion.
This is entirely proper and no complaint is made of
that.   They do, however, complain and justly against
being compelled to pay for the great expense rendered
useless by the change of decision by the board of esti-
mate.   Instead of being benefited by the proposed
change in the street, these property owners are really
damaged, for they lose the direct straight access to
Grand street.   The expenses in question have not been
incurred for the public benefit.   They have merely
been wasted and an assessment cannot be levied for
them.   *Matter of City of New York (Mt. Vernon
Avenue)*, 127 App. Div. 650, 653, 654; affd., 193 N. Y.
658.

It may be that this method of trying to make the
property owners pay for the city's blunder would save
the city from making the payment, and this may be
claimed to show an efficiency or economy on the part
of the city.   But the city cannot be economical at the
expense of the property owner, and it must be just,
even though it would be economical.   The power to
levy an assessment for a local improvement exists
only where it is expressly conferred by legislative
authority.   *Ne-ha-sa-ne Park Assn. v. Lloyd,* 167 N. Y.
431–436.   There is no authority for levying such an
assessment as is here sought to be done.   The prop-
erty owners cannot be made to pay those expenses.
*Matter of City of New York, (Rosedale Ave.),* 175
App. Div. 864.   To impose such an assessment would
be unconstitutional.   The legislature has the power to
impose assessments in the exercise of its right to tax
but that power is not absolute and unqualified.   It
must be exercised so as not to violate the Fourteenth
Amendment of the United States Constitution and so

as to give equal protection to the property rights of the citizens. When not so used it is not valid. When a greater assessment is laid on one owner than on another arbitrarily and without regard to the benefits received it cannot stand. *Matter of City of New York,* 190 N. Y. 350.

The corporation counsel does not seriously dispute the illegality of requiring the property owners to pay these expenses but contends that it is no ground for denying this motion and that the property owners' remedy is by applying to have the costs retaxed. He claims that *Matter of Rosedale Avenue,* just cited, is authority for this proposition. It is not an authority for such a holding. There the court did say the costs should be retaxed but the proceeding had been amended already so that there was no other way in which to protect the property owner. Here the application is for the amendment and it should not be granted. The resolution of the board is illegal. It attempts to require the property owners to pay expenses which should and must be borne by the city. The court will not lend its aid to enforce such an inequitable and illegal act. If the board wishes to carry out the proposed amendment it must make provision for the payment by the city of the expenses to which reference has been made.

Motion denied.