（28 App. Div. 517.)

### PATTON v. MILLER.

(Supreme Court, Appellate Division, Second Department.   April 26, 1898.)

OPENING HIGHWAY—COMPENSATION OF COMMISSIONERS.

Under sections 83 and 88 of the highway law, if an application to open a highway fails, no provision is made for the compensation of the commissioners, in excess of the sum of $50, and the commissioners must be deemed to accept their appointments with knowledge of that fact.

Appeal from trial term.

Action by William M. Patton against J. Blackburn Miller. From a judgment for defendant, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter C. Anthony, for appellant.

Russell Headley, for respondent.

PER CURIAM. This action is brought to recover of the defendant the fees of the plaintiff and two other commissioners (the latter of whom have assigned their claims to the plaintiff) appointed to determine upon the necessity of a highway in the town of New Windsor, for the opening of which the defendant had applied. On an appeal from an order made by the county court in the proceeding to open the highway (In re Miller, 9 App. Div. 261, 41 N. Y. Supp. 581), we held that, where the application failed, the compensation of the commissioners could not be charged on the town. We there said—which was doubtless true—that the commissioners of appraisal ought to be paid for their services; but the difficulty in the way of a recovery is that, by sections 83 and 88 of the highway law, the liability of the applicant for the opening of a highway, in case his application fails, is limited to the sum of $50. This sum the defendant has already paid, being the amount of the costs of parties opposing the application, as fixed by the final order of the county court, which set aside the proceedings had upon the defendant's application. It would seem more fair had the order of the county court applied this sum in satisfaction of the fees

of the plaintiff and his assignors, so far as it would go, instead of to the payment of the costs of the adverse parties. But the commissioners took no appeal from the provision of the order of the county court in this respect. The fact seems to be that, if the application to open the highway fails, no provision is made for the compensation of the commissioners in excess of the sum of $50, and the commissioners must be deemed to accept their appointments with knowledge of that fact. The provision is of doubtful wisdom, as it would seem to offer an inducement to decide in favor of the opening of a highway for personal reasons; that is, to obtain payment of their fees. But, if we are right in our construction of the statute, the remedy must be by application to the legislature.

The judgment appealed from should be affirmed, with costs.