### In re PETERSON.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. HIGHWAY PROCEEDINGS—CONFIRMATION OF COMMISSIONERS' REPORT—ALLOWANCE OF COSTS—AUTHORITY OF COURT.

Highway Law, § 92 (Laws 1890, p. 1195, c. 568), provides that in all cases of assessments of damages by commissioners appointed by the court the costs thereof shall be paid by the town, etc. Section 93 provides that all damages and costs against the town shall be laid before the board of supervisors, to be audited with the charge of the commissioners, etc. Section 152 (page 1205) provides that costs of a motion to confirm the commissioners' report may be allowed in the discretion of the court, not exceeding $50, etc. Code Civ. Proc. § 3240, provides that costs in a special proceeding in a court of record may be awarded any party in the discretion of the court at the rates allowed in an action in the same court, etc. *Held* that, on confirming a commissioners' report in proceedings to lay out a highway, the county court has authority, under Code Civ. Proc. § 3240, to allow the petitioner's costs and disbursements in excess of the $50 provided by Highway Law, § 152; the petitioner not being remitted to a presentation of his claim to the supervisors under section 93.

Appeal from Special Term.

Proceedings by Walter V. Peterson for the laying out of a highway in the town of Cambria. From an order confirming a commissioners' award the town appeals, and from so much of the order as denies him costs and disbursements the petitioner prosecutes a cross-appeal. Affirmed on the appeal and reversed on the cross-appeal.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

King, Leggett & Brown, for appellant town of Cambria and highway commissioners.

Hopkins & Brim, for respondent.

J. Frank Smith, special guardian, for infant parties.

STOVER, J. This proceeding is under the highway law, and an examination of the record discloses to us no reason for a reversal of the order in so far as it confirms the action of the commissioners. The county judge, however, upon the motion to confirm the report, refused to allow the petitioner his costs and disbursements, solely upon the ground of lack of authority. The provisions of the highway law covering costs in proceedings of this kind are found in sections 92, 93, and 152 (Laws 1890, pp. 1195, 1205, c. 568).

By section 92 it is provided:

"In all cases of assessments of damages by commissioners appointed by the court, the costs thereof shall be paid by the town except when reassessment of damages shall be had," etc.

—which exception has no application to the present case.

By section 93 it is provided:

"All damages to be agreed upon, or which may be finally assessed, and costs against the town as herein provided, shall be laid before the board of supervisors by the supervisor of the town to be audited with the charges of the commissioners, justices, surveyors, or other persons or officers employed in making the assessment, and for whose services the town shall be liable, and the amount shall be levied and collected," etc.

The word "costs," as used in the statute, has a well-defined sig-
nificance, and is not used as synonymous with "expense," but must be
taken to mean costs which are recoverable under the statute regulating
the amount to be paid by the unsuccessful party to the successful party.
Proceedings of this character have been held to be special proceedings
under the statute regulating the allowance of costs. Matter of Grade
Crossing, 17 App. Div. 56, 44 N. Y. Supp. 844; Matter of South
Market Street, 80 Hun, 246, 29 N. Y. Supp. 1030. This being a pro-
ceeding brought in the County Court, it would seem to be directly
within the definition of section 3334 of the Code of Civil Procedure,
and hence governed by section 3240 with reference to costs. Under
section 3240 of the Code of Civil Procedure, "costs in a special proceed-
ing instituted in a court of record, where the costs thereof are not
specially regulated by this act, may be awarded to any party, in the
discretion of the court, at the rates allowed for similar services, in
an action brought in the same court, or an appeal from a judgment
taken to the same court and in like manner." It would seem that this
section was broad enough to permit the taxation of costs in this pro-
ceeding, but some question is raised by reason of the provisions of sec-
tion 152 of the highway law, which is as follows:

"Costs of a motion to confirm, vacate or modify the report of commissioners
appointed by the court to lay out, alter or discontinue a highway may be al-
lowed in the discretion of the court not exceeding fifty dollars. Costs of any
other motion in a proceeding in a court of record, authorized by this chapter,
may be allowed in the discretion of the court not exceeding ten dollars."

The County Court in this case allowed to the petitioner $50, or the
costs of motion, but declined to allow any other or further costs or
disbursements by reason of lack of power to do so; the contention
being that the petitioner's only recourse was the presentation of a claim
to the board of supervisors under section 93. We think this an er-
roneous interpretation of the statute. It was held in Bevins v. Board
of Supervisors, 82 Hun, 298, 31 N. Y. Supp. 248, that the word
"costs," as used in section 92, referred to such costs as were allowed
under the provisions of section 152 of the act, which are the motion
costs upon the application for confirmation of the report of the com-
missioners; and this amount being fixed, the board of supervisors
would have nothing to do but allow the claim at the amount fixed by
the court, and include it in the tax levy. The opinion in Bevins v.
Supervisors, supra, is directed to another feature of the law, that pro-
ceeding having been brought for the purpose of compelling the pay-
ment of some expenses which were alleged to have been incurred by
the commissioner of highways in the matter of laying out the high-
way; and a mandamus was there refused, so that that case sheds but
little light upon the question under consideration. Upon the one hand,
there is no intention manifested to take the proceedings out of the
operation of section 3240 of the Code of Civil Procedure, for to do
this might result in placing an unnecessary and unfair burden upon
the petitioner. It is not to be presumed that the Legislature intended
to exclude proceedings of this character from the operation of section
3240, and thus put upon a petitioner the burden of conducting the pro-
ceeding without any indemnity whatever. By sections 88 and 89 of

the highway law provision is made for the payment of costs in case it shall be determined that the road is unnecessary and the prayer of the petitioner should be denied, or upon the reversal of such a determination of the commissioners. If the contention of the respondent is correct, we have, therefore, provision made for all expenses and costs of the proceeding except in the very instance in which those costs and expenses would be the most onerous. A petitioner who should fail in having the commissioners declare the road a necessity would be chargeable with costs, not to exceed $50, and yet, having succeeded in his contention, is unable to recover his disbursements, which, in this case, amount to several times the amount which could have been allowed him if he had failed. Upon the other hand, allowance of costs not exceeding $50 is an unusual provision of the law, and the reason is not quite apparent, although it may be argued that a motion to confirm involves some extraordinary features which are not usual in motions in other actions and proceedings; and yet many instances of motions and actions could be cited where the labor involved would be much more than in the ordinary proceeding to confirm the report of commissioners. Yet with this, if the legislative intent is clear, the court has nothing to do. The argument in favor of either construction is not entirely satisfactory, and yet it seems to us that, in view of the hardship that might result if there were a total lack of power in the court to allow costs of the proceedings under section 3240 entirely overbalances the other considerations, and, as costs both under the Code and upon the motion are discretionary, no injustice would likely be done by following that construction which would allow the court to exercise its discretion, for the other construction would deprive the court of any discretion whatever as to the allowance of costs, and prevent the reimbursement of a petitioner, however meritorious the application or unjust the burden placed upon him. Under section 3240 the court should have exercised its discretion, and, if costs were allowed to the petitioner they should have been taxed at the rates allowed for similar services in an action brought in the county court.

We think that a fair interpretation of the various provisions of both the highway law and the Code is this: That under section 3240 the petitioner, if successful, is entitled, in the discretion of the court, to recover costs at the rates allowed for similar services in an action, and which, under section 3256, carry with it the necessary disbursements as allowed by the section last quoted. A motion is an application in an action, and motion costs are entirely independent of those allowed in an action upon final judgment. The Code expressly limits motion costs in an action to $10 unless otherwise specially provided. It was within the power of the Legislature to say that upon a motion of the character under discussion the costs might, in the discretion of the court, be allowed in a sum not exceeding $50. There is no express declaration making these the only costs allowable, but by the very section itself it allows $10 costs in other motions in the proceeding. It would appear that other motion costs could be allowed where necessary, nor is there any expressed intention to take the proceedings out of the operation of section 3240 of the Code. The costs under section 152 are expressly stated to be motion costs, and are properly distin-

guishable from costs of an action or special proceeding, and it is not unlike proceedings in an action where an application to the court is necessary before judgment and after trial of the issues, in which it would be entirely proper to tax both the costs of the motion and the costs of the action. But on a motion in proceedings under the highway law, by the express provisions of section 152 costs upon the application for confirmation are permitted in the discretion of the court, not exceeding $50, while on all other motions costs are limited to $10. This construction would seem to give full effect to the provisions of the Code and the highway law, and is not opposed to practice and proceedings in actions.

The order of the County Court is affirmed in so far as it confirms the report of the commissioners, and reversed in so far as it refuses to exercise its discretion with reference to costs, and modified so as to allow the petitioner to tax costs under section 3240 of the Code of Civil Procedure, with costs of this appeal to the appellant. All concur.