Matter of the Application of Albert W. Terry to Lay
Out, Alter and Discontinue a Highway in the Town of
Harpersfield, Delaware County, N. Y., and to Assess the
Damages Therefor.

(County Court, Delaware County, May, 1910.)

Highways — Establishment of highway by statutory proceedings — Compensation of commissioners and referees — Compensation of condemnation commissioners; Costs and expenses of commissioners; Costs on motion to confirm commissioners' report: Costs — Discontinuance of proceedings — Terms.

Section 193 of the Highway Law relating to an application for
the appointment of condemnation commissioners, section 198 relating to a decision of the commissioners denying an application, and
section 240 relating to costs of the motion to confirm a report, are
to be construed together and are to be understood as meaning
that, where the commissioners determine that the proposed highway or alteration is not necessary, or a highway proposed to be
discontinued is not useless, the costs and expenses allowed by the
court to be paid by the applicant under the provisions of said
sections cannot exceed, in all, the sum of one hundred dollars.

The provisions of section 3240 of the Code of Civil Procedure
are, however, applicable to such a proceeding and authorize the
court in its discretion to award costs to the prevailing party at
the rates allowed for similar services in an action.

Where, after a proceeding to lay out a highway has been commenced and the town superintendent of highways has been brought
into court and has appeared in opposition, it is adjourned to a
future day, and the applicant then asks leave to discontinue for
the reason that certain preliminary papers have not been served
as required and the court has not acquired jurisdiction, the court
may properly impose the payment of costs as a condition of permitting such discontinuance.

In all cases where a motion is addressed to the favor of the
court, the court may impose terms as a condition for granting it;
and, if the moving party cannot or will not comply with the condition, the result is a denial of the motion.

Motion to confirm report of commissioners.

W. H. Johnson, for motion.

Frank M. Andrus, for petitioner, opposed.

KELLOGG, J.  This is a motion to confirm the report of the commissioners heretofore appointed in this proceeding, who found and decided that the proposed highway was not necessary and that the road proposed to be discontinued was not useless, and to dismiss the application.

No objection was made upon the return of this motion to the granting of an order confirming the report of the commissioners, which doubtless carries with it the allowance of and directions for the payment of costs and expenses of the commissioners, not exceeding $100.

Section 193 of the new Highway Law, approved February 17, 1909, contains the following language: " Such application shall be accompanied by the written undertaking of the applicant, executed by one or more sureties approved by the county judge, to the effect that if the commissioners appointed to determine that the proposed highway or alteration is not necessary, or that the highway proposed to be discontinued is not useless, the sureties will pay the commissioners their compensation, at the rate of four dollars for each day necessarily spent, and all costs and expenses necessarily incurred in the performance of their duties, which amount shall not exceed the sum of one hundred dollars."

It would seem that this obligation has reference to the payment of commissioners' fees and expenses, which, according to the indorsement on the report or certificate of the commissioners required by section 198, amount to ninety-four dollars and sixty-six cents, being within the amount specified in the undertaking of the applicant.

The town superintendent, by his attorney, also contends that he is entitled to an additional allowance under section 240 of the Highway Law, which reads as follows: " Costs of motion to confirm, vacate or modify the report of commissioners appointed by the court to lay out, alter or discontinue a highway, may be allowed at the discretion of the court, not exceeding fifty dollars."

It is claimed that such an allowance may be made to the prevailing party on this motion to confirm, and that the limit of the liability of the unsuccessful applicant is $150, to wit:  Not to exceed $100 on account of fees and costs

of commissioners, and not to exceed $50 more, in the discretion of the court, as costs of motion to confirm.

The applicant, however, objects to paying costs and expenses in the proceeding, in excess of the sum of $100, and insists that there is no liability on his part, except as it comes within the provisions of the undertaking which he had filed.

It is possible that the contention of the contestant would be correct, were it not for the provisions of section 198 of this same statute; as it is obvious that the provisions of that section of the new Highway Law must be read in connection with sections 193 and 240. Section 198 reads as follows: "If a majority of the commissioners appointed by the county court shall determine that the proposed highway or alteration is not necessary, or that the highway proposed to be discontinued is not useless, they shall make duplicate certificates to that effect. The costs and expenses necessarily incurred by such commissioners in the proceedings shall be indorsed upon such duplicate certificates, and upon a confirmation of such decision, and of the amount of such costs and expenses by the county court, such costs and expenses not exceeding the sum of one hundred dollars shall be payable by the applicants."

What meaning is intended to be conveyed by the use of the word "costs" in the latter part of section 193 is exceedingly obscure in connection with the use of the words "and expenses necessarily incurred in the performance of their duties, which amount shall not exceed the sum of one hundred dollars." What costs could necessarily be incurred by the commissioners in the performance of their duties, unless fees are to be termed costs? But fees do not properly come within the definition of the word "costs." If costs were intended to mean fees, in section 193, is the same construction to be placed upon the word "costs" in section 198? The latter part of section 198 says: "The costs and expenses necessarily incurred by such commissioners in the proceeding shall be indorsed upon such duplicate certificates, and upon a confirmation of such decision and of the amount of such costs and expenses by the county court, such costs

and expenses not exceeding one hundred dollars shall be payable by the applicants."

What did the Legislature intend when they continued the use of the words " such costs and expenses," seemingly continuing to refer to the costs and expenses of the commissioners, and not to costs and expenses incurred by the parties or either of them. The commissioners are not the parties to the proceeding, and hence what costs could they incur? Costs are defined to be the expenses incurred by the parties in the prosecution or defense of a suit at law. They are distinguished from fees in being an allowance to a party for expenses incurred in conducting his suit, whereas fees are compensation to an officer for services rendered in the progress of the cause. 1 Bouvier, 370; 11 S. & R. 248.

Sections 193, 198 and 240 of the statutes in question, read in connection with each other, and with the correct definition of the word " costs," would seem perhaps to require the construction that, where the commissioners appointed shall determine that the proposed highway, or alteration, is not necessary, or that the highway proposed to be discontinued is not useless, in no instance can the costs and expenses allowed by the County Court to be paid by the applicant exceed the sum of $100. However, as an original proposition, I do not consider that this conclusion is free from all doubt.

Sections 83, 88 and 152 of the former Highway Law (Laws of 1890, chap. 568, as amd. by Laws of 1894, chap. 334) contain precisely the same provisions as sections 193, 198 and 240 of the new Highway Law (Consol. Laws, chap. 25), with the exception that, in section 88 of the old statute, the amount of costs and expenses could not exceed $50, while under the present section, 198, the statute reads $100.

Section 152 of the former law contained the same provisions in regard to costs of motion as section 240 of the new statute.

It was held in Patton v. Miller, 28 App. Div. 517, that, notwithstanding the provisions of sections 83 and 88, the liability of an applicant for the opening of a highway, in case an application fails, is limited to fifty dollars; and,

where the applicant has already paid costs of parties opposing the application, as fixed by the order of the County Court, amounting to that sum, the commissioners appointed to determine upon the necessity of the highway cannot recover their fees.

The fifty dollars allowed in Patton v. Miller, *supra,* as costs to the parties opposing the application must have been under and pursuant to section 152 of the Highway Law then in force; and, the applicant having failed in that case, the court must have construed sections 83, 88 and 152 in fixing the maximum costs and expenses which could be allowed against the applicant. Assuming, then, that the opinion in Patton v. Miller is good law, it is decisive of the first question, as to the amount of the costs and expenses which may be allowed against the applicant, arising on the motion herein to confirm the report of the commissioners, and that the same cannot exceed the sum of $100.

It is also suggested by the contestant that he is entitled to costs, in the discretion of the court, under and pursuant to the provisions of sections 3334 and 3240 of the Code of Civil Procedure.

In Matter of Peterson, 94 App. Div. 143, it was held that a proceeding under the Highway Law to lay out a highway is a special proceeding, within the meaning of section 3334 of the Code of Civil Procedure, and the petitioner, if successful, is entitled, in the discretion of the court, to recover costs and disbursements at the rate allowed in an action, under section 3240 of such Code, which provides that costs in a special proceeding may be awarded at the rates allowed for similar services in an action, and that such costs are clearly distinguishable from costs of motions as laid down in the Highway Law. If a successful petitioner is entitled to such costs and disbursements, in the discretion of the court, then a successful contestant would be entitled to the same allowance as against an unsuccessful applicant. In fact, section 3240 expressly provides that such costs may be awarded to any party, in the discretion of the court. Under this last mentioned decision there can be no doubt as to the power of this court to award costs to the successful party in this pro-

ceeding, in its discretion, at the same rate as in an action; but the court will not so exercise its discretion in this case.

This motion is also for an allowance of costs herein to the town superintendent of highways, arising out of the discontinuance of a former procc·eding instituted for the same purpose, and for such other and further relief as shall be just and proper, and the court may see fit to grant, besides ten dollars costs of this motion.

The applicant's notice of motion in the first proceeding was returnable at Delhi, November 1, 1909; and, at the request of Judge Grant, county judge of Delaware county, the judge acting in this proceeding took his place, pursuant to the provisions of section 14 of article 6 of New York State Constitution; and after hearing certain preliminary objections the further hearing was, by consent, postponed to November thirteenth, at Stamford, at which time and place the applicant announced a withdrawal of the proceeding for the reason that certain preliminary steps required by statute had not been taken in order to confer jurisdiction. While in this particular instance the application for leave to discontinue and the permission granted were somewhat informal, yet the same were granted at the adjourned hearing of the first proceeding, held at Stamford, the court then saying that the question of costs would be reserved for further consideration, and, the allowance of such costs having been asked for in this motion, it becomes a proper subject for consideration.

The town superintendent of highways was brought into court in the proceeding in the way provided by statute, appeared and opposed the application, and appeared at a subsequent hearing which was appointed for the purpose of taking preliminary evidence upon the question as to whether or not the village of Stamford was interested in the proceeding to such an extent as to fairly entitle it to notice of the application. The applicant then announced that certain preliminary papers had not been served in the manner required by statute, and that the court had not thereby acquired jurisdiction.

The jurisdictional question may not, perhaps, have been involved, but the decision in Matter of the Trustees of White Plains, 65 App. Div. 417, is authority for

the contestant's claim. On page 419, the court said: " There is no doubt of the power of the court to order a discontinuance. (Matter of Petition of Butler, 101 N. Y. 307.)" This being so, the question is fully answered in Matter of Waverly Water Works Co., 85 N. Y. 478. The decision of the Matter of Waverly Water Works Co., *supra,* was put upon the ground that the court, having the right in its discretion to refuse leave to discontinue, can determine upon what terms it may grant such leave, and its discretion is not limited to the payment of taxable costs. It seems that in all cases where a motion is addressed to the favor of the court, which it may in its discretion grant or refuse, it may impose terms as a condition for granting the motion; and, if the moving party cannot or will not comply with the condition, the result is simply a denial of the application.

That such proceeding was liable to be dismissed for want of requisite preliminary steps on the part of the applicant to confer jurisdiction may be conceded; and yet, if such was the case, the contestant would, nevertheless, be entitled to costs. This proposition appears to be self-evident: where an action or proceeding of any kind is commenced in a court of record, and it appears on the trial or hearing that the court is without jurisdiction, owing either to want of authority to hear or dispose of the subject-matter of the controversy, or to the lack of some preliminary procedure required in order to confer jurisdiction, if such action or proceeding is dismissed on either ground, the moving party is liable for a full bill of costs.

I have, therefore, reached the conclusion that the court may, in its discretion, fix a specific sum which should be paid by the applicant, as the costs of said contestant upon such discontinuance, and that it should be done in this case, especially in view of the fact that the court has not exercised its discretion in awarding the contestant costs, pursuant to the provisions of section 3240 of the Code in the second proceeding. The contestant, therefore, may have an order herein that the report of the said commissioners be, in all things, confirmed; and that their costs and expenses,

ninety-four dollars and sixty-six cents, be allowed and directed to be paid by said applicant; and that the said contestant be further allowed the sum of fifty dollars to be paid by the applicant as the costs of the discontinuance of the first proceeding.

Ordered accordingly.